P. L. PIERCE, M. L. GILBERT and LINTON TUCKER, as and constituting the BOARD OF PUBLIC INSTRUCTION OF PASCO COUNTY, FLORIDA, *Plaintiff in Error*, vs. THE STATE OF FLORIDA, in the relation of the Trustees of Special Tax School District No. 32, of Pasco County, Florida, *Defendant in Error*.

136 So. 689.

Division A.

Opinion filed September 29, 1931.

*Arthur L. Auvil,* for Plaintiff in Error;

*W. Kenneth Barnes,* for Defendant in Error.

BUFORD, C.J.—The defendants in error being Trustees of Special Tax School District No. 32 of Pasco County, Florida, recommended to the Board of Public Instruction, composed of plaintiffs in error, the appointment of a certain individual as principal for Gulf High School at New Port Richey. The County Board of Public Instruction declined to appoint the person recommended by the Trustees. Thereupon, the Trustees applied for writ of mandamus to compel the County Board of Public Instruction to appoint the principal named by the Trustees, claiming that Authority under the provisions of Chapter 10249, Acts of the Legislature of 1925. Section 1 of that Act is as follows:

"That the Boards of Public Instruction of Counties in the State of Florida having a population of more than Eight Thousand Eight Hundred (8800) and less than Nine Thousand (9000) according to the Federal Census of the year 1920, shall employ as teachers in the schools of any Special Tax School District of said Counties, all or any parts of which District is within the limits of an incorporated town or city, the teachers recommended for such school by the trustees of such districts."

The respondents demurred to the alternative writ. The demurrer was overruled and peremptory writ of mandamus was issued. To this judgment writ of error was taken.

The sole question for our consideration is, whether or not this Act violates Section 20, Article III of the Constitution of the State of Florida. It is clear from the language of the Act that it was intended to apply to Pasco

County only, as that county is the only county which under the Federal Census of 1920 falls within the classification.

On authority of the opinion and judgment and cases cited in the case of Knight vs. Board of Public Instruction of Hillsborough County, filed at this term of the Court, we hold the Act to be in conflict with Section 20, Article III of the Constitution of Florida.

The judgment is, therefore, reversed and the cause remanded with directions that an order be entered quashing the alternative writ and dismissing the suit. It is so ordered.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.