THE STATE OF FLORIDA, ex rel. CARY D. LANDIS, Attorney-General, *Relator*, vs. C. L. WHEAT, *Respondent*.
137 So. 277.
En Banc.
Opinion filed October 9, 1931.
Petition for rehearing denied December 2, 1931.

2

*Hudson & Cason* and *James M. Carson,* for Relator; *Loftin, Stokes & Calkins,* for Respondent.

WHITFIELD, P.J.:

## STATEMENT

Chapter 10501, Acts of 1925, is as follows:

"AN ACT Creating the Office of Auditor and Purchasing Agent for Dade County, Florida, Describing His Duties and Fixing His Salary.

Be It Enacted by the Legislature of the State of Florida:

Section 1. That the office of Auditor and Purchasing Agent, jointly, in and for Dade County, Florida, is hereby created. He shall be appointed by the Governor, and shall hold office until his successor has been elected at the General Election held in 1926 and he shall be elected every two years thereafter.

He shall be an expert book-keeper and shall be the general accountant and Purchasing Agent of the County. As Auditor he shall keep regular accounts of all receipts and disbursements, including the accounts of every official collecting or disbursing money for the use of the County.

He shall examine all bills and accounts with each fund and all financial reports.

He shall prepare warrants ordered by the County Commissioners for the use of the County.

He shall examine and audit all books and accounts of all County officers.

He shall audit and approve all demands against the County and certify to their correctness on the face of the warrant before payment is made.

He shall, at the end of each month, make a written report showing the financial condition of the County and of each fund; all receipts and disbursements during the month; the said report shall show to whom made and for what purpose and the departments wherein said expenditures were made; giving the amount expended by each, the source of all receipts, the number and date of each warrant drawn, the amount thereof, the name of the person to whom same was issued, the fund from which and the purpose for which it was drawn. He shall within ten days thereafter publish in a newspaper published in Dade County, a recapitulation of said report; showing the financial condition of the County and of each fund.

He shall perform such other duties and follow such other regulations as may be prescribed by the Board of County Commissioners.

Section 2. As County Purchasing Agent, it shall be his duty to purchase, subject to the supervision of the County Commissioners of Dade County, Florida, all materials, machinery and supplies of any character whatsoever to be used by the County of Dade, State of Florida. All purchases shall be made on competitive sealed bids; the contracts to be awarded to the lowest responsible bidder. In all cases where such supplies, machinery or other material are not purchased from the lowest bidder, the contract for the purchase thereof shall not be let until the County Commissioners approve such purchase from such other bidder. All competitive bids shall be opened in the presence of the County Commissioners, and shall be filed in the office of the County Commissioners, and shall be filed in the office of the County Auditor, subject to the inspection of any one desiring to see them.

In all cases where bids are not satisfactory, it shall be the duty of the Purchasing Agent to reject said bids and re-advertise for new bids, provided, however, in case of emergency purchases not in excess of One Hundred ($100.00) Dollars, may be made without advertising for bids.

Section 3. The Auditor-Purchasing Agent shall have his office in the County Court House or in close proximity thereto, the said office to be furnished with the necessary desks, chairs and other requirements by the Dade County Board of County Commissioners and paid for out of the general fund of the County.

Section 4. For the faithful performance of his duties as Auditor and Purchasing Agent he shall give a joint bond, payable to the Governor of the State of Florida and his successors in office in the sum of Twenty-five Thousand ($25,000.00) Dollars with a surety company authorized to do business in the State, as surety, conditioned for the faithful performance of his duties and to account for all monies and other property that may come into his possession, said bond to be approved by the Board of County Commissioners.

Section 5. He shall receive a salary of Four Thousand Eight Hundred ($4,800.00) Dollars per annum, payable by the Board of County Commissioners out of the general fund of the County, said salary to be paid in monthly installments on the first day of each month in the sum of Four Hundred ($400.00) Dollars.

Section 6. That all laws in conflict and inconsistent with this Act be and the same are hereby repealed.

Section 7. This Act shall take effect upon its becoming a law.

APPROVED April 28, 1925.''

Chapter 15149, Acts of 1931, House Bill No. 270, is as follows:

''AN ACT AMENDING SECTIONS 1, 2, 3, 4, and 5 OF CHAPTER 10501, LAWS OF FLORIDA, ACTS OF 1925, BEING AN ACT ENTITLED, 'AN ACT CREATING THE OFFICE OF AUDITOR AND PURCHASING AGENT FOR DADE COUNTY, FLORIDA, PRESCRIBING HIS DUTIES AND FIXING HIS SALARY.'

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

SECTION 1. That Section 1, Chapter 10501, Laws of Florida, Acts of 1925, being an act creating the office of Auditor and Purchasing Agent for Dade County, Florida, prescribing his duties and fixing his salary, be amended so as to read as follows:

'Section 1. That the office of Purchasing Agent in and for Dade County, Florida, is hereby created, and the present said Purchasing Agent shall hold office until his successor has been elected at the general election, to be held in 1932, and he shall be elected every two (2) years thereafter.'

SECTION 2. That Section 2, Chapter 10501, Laws of Florida, Acts of 1925, being an Act creating the office of Auditor and Purchasing Agent for Dade County, Florida, prescribing his duties and fixing his salary, be amended so as to read as follows:

'Section 2. That it shall be the duty of said purchasing agent, after the Board of County Commissioners of Dade County shall have determined on the purchase of any materials, machinery and supplies to be used by said County of Dade, its officers and institutions, to purchase said materials, machinery and supplies and it shall be the duty of the County Purchasing Agent of Dade County to quarterly call for sealed bids for supplies, meats, bread and food-stuffs for use of Dade County institutions. No money shall be paid out by any one for purchase of any supplies not so purchased by said purchasing agent; all purchases shall be made on competitive bids, the contracts to be awarded to the lowest responsible bidders; all competitive bids shall be opened up in the presence of one or more of the County Commissioners in the said purchasing agent's office and shall be filed in the office of the County Purchasing Agent, subject to inspection of any one desiring to see them. In all cases where bids are not satisfactory to said purchasing agent, whose duty it shall be to let contract or contracts to the said lowest responsible bidder, said purchasing agent shall reject and re-advertise for new bids, provided, however, that said purchasing agent may make any purchase not in excess of $100.00 without advertising for bids, but in all cases where purchasers are

made of less than $100.00 without advertising for bids, the purchasing agent shall within forty-eight hours of the time of purchase file with the Clerk of the County Commissioners a duplicate invoice of such purchase, showing the article or articles purchased and from whom purchased and price such article or articles were purchased.'

SECTION 3. That Section 3, Chapter 10501, Laws of Florida, Acts of 1925, being an Act creating the office of Auditor and Purchasing Agent for Dade County, Florida, prescribing his duties and fixing his salary, be amended so as to read as follows:

'Section 3. That the Purchasing Agent shall have his office in the County Court House, or in close proximity thereto, said office to be furnished with the necessary desks, chairs, equipment and other requirements by the Dade County Board of County Commissioners, and paid for out of the general funds of the County.'

SECTION 4. That Section 4, Chapter 10501, Laws of Florida, Acts of 1925, being an Act creating the office of Auditor and Purchasing Agent for Dade County, Florida, prescribing his duties and fixing his salary, be amended so as to read as follows:

'Section 4. That said Purchasing Agent shall give a bond, payable to the governor of the State of Florida and his successors in office, the sum of Twenty-five Thousand ($25,000.00) Dollars with two good and sufficient sureties or a surety company authorized to do business in this State as surety, conditioned that said Purchasing Agent will faithfully perform his duties and account for all property that may come into his possession, said bond to be approved by the Board of County Commissioners of Dade County, Florida, and by the Comptroller of the State of Florida, and to be filed with the Secretary of State.'

SECTION 5. The Section 5, Chapter 10501, Laws of Florida, Acts of 1925, being an Act creating the office of Auditor and Purchasing Agent for Dade County, Florida, prescribing his duties and fixing his salary, be amended so as to read as follows:

'Section 5. That said Purchasing Agent shall receive a salary of Forty-eight hundred dollars ($4800.00) per an-

num payable by the Board of County Commissioners of Dade County, out of the general funds of Dade County, said salary to be paid in monthly installments on the first day of each month in the sum of Four Hundred dollars ($400.00.)'

SECTION 6. That there shall be submitted to the electors at the General election, November 1932, the question of whether or not the office of county purchasing agent for Dade County shall be continued, and, in the event the office by vote of the people is abolished, then this office shall be by such vote abolished and vacated as of date January 6, 1934.

SECTION 7. That all laws or parts of laws in conflict or inconsistent with this Act, be and the same are hereby repealed.

SECTION 8. That if any section or any part of this Act, should be declared illegal or unconstitutional shall in no way affect the remaining parts of said Act.

SECTION 9. That this Act shall take effect immediately upon its becoming a law.

APPROVED April 30th, 1931.''

The Constitution contains the following:

''The Legislature shall establish a uniform system of County and municipal government, which shall be applicable, except in cases where local or special laws are provided by the legislature that may be inconsistent therewith.'' Section 24, Article III,

''***There shall be elected in each county a Sheriff, and a Clerk of the Circuit Court, who shall also be clerk of the County Court, except in counties where there are Criminal Courts, and of the Board of County Commissioners, and Recorder and ex-officio Auditor of the County, each of whom shall hold office for four years. Their duties shall be prescribed by law.'' Section 15, Article V.

''* * * There shall be in each of such districts a county commissioner, who shall be elected by the qualified electors of said county, at the time and place of voting for other county officers, and shall hold his office for two years. The powers, duties and compensation of such county commissioner shall be prescribed by law, * * * .'' Section 5, Article VIII.

"The Legislature shall not pass special or local laws * regulating the jurisdiction and duties of any class of officers, except municipal officers, * * * * ." Section 20, Article III.

"* * * No local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be effected may be situated, which notice shall state the substance of the contemplating law, and shall be published at least thirty days prior to the introduction, into the Legislature of such bill, and in the manner to be provided by law. The evidence that such notice has been published shall be established in the Legislature before such bill shall be passed." Section 21, Article III.

"Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be amended or revised by reference to its title only; but in such case the act, as revised, or section, as amended, shall be re-enacted and published at length." Section 16, Article III.

"The Legislature shall provide for the election by the people or appointment by the Governor of all State and County officers not otherwise provided for by this Constitution, and fix by law their duties and compensation. Section 27, Article III.

Upon an information filed by the Attorney-General, this court issued a writ of quo warranto commanding C. L. Wheat to show by what warrant or authority of law, he claims to exercise liberties, privileges and authority of a public officer as Auditor and Purchasing Agent for Dade County, Florida, or as Purchasing Agent in and for Dade County, Florida.

The respondent by appropriate plea in effect averred that he exercises the authority of the office by virtue of an election, qualification and commission under Chapter 10501, Acts of 1925, as amended by Chapter 15149, Acts of 1931, known as House Bill No. 270. State ex rel Smith v. Anderson, 26 Fla. 240, 8 So. 1; State ex rel. v. Gleason, 12 Fla. 100, 51 C. J. 349.

A demurrer to the plea was filed by the relator which raises questions as to the constitutional validity of the two legislative enactments, which are set out in the statement together with pertinent provisions of the Constitution.

Chapter 10501, Acts of 1925, creates the office of Auditor and Purchasing Agent for Dade county and prescribes his duties and salary. The office is the only one of its class, there being then no similar office in other counties.

Even if a local or special law creating a county office, as part of the administrative department of the government, is such a local or special law as that notice of its enactment must be published as is required by section 21, Article III of the Constitution, section 20 of Article III does not forbid local or special laws creating offices, and the due publication of notice of its proposed enactment is presumed without proof since the law was enacted in 1925 prior to the amendment of section 21, Article III, in 1928. Stockton v. Powell, 29 Fla. 1, 10 So. 688, 15 L. R. A. 42. Section 24, Article III, Constitution, expressly authorizes local or special laws relating to county government. See State v. Dillon, 32 Fla. 545, 14 So. 388, 22 L. R. A. 124; Kroegel v. Whyte, 62 Fla. 527, 56 So. 498.

Section 20, Article III of the Constitution forbids local or special laws "regulating the jurisdiction and duties of any class of officers, except municipal officers." The purpose of Chapter 10501 is to create an Auditor and Purchasing Agent for Dade County and to prescribe his duties and salary. It is not a law designed primarily to regulate the jurisdiction and duties of any class of officers.

The statutory office created by the enactment is the only one in the class and the regulation of the duties and compensation of the officer is an incident to the creation of the office, there being no other of that class. In State ex rel. Cohen v. O'Neal, 99 Fla. 1053, 128 So. 489, the provision of Chapter 11363, 11982 and 13611, regulating the fees of Clerks of the Criminal Courts of Record were held in-

valid because there were other Clerks of the Criminal Courts of Record in the class with the relator in that case, and section 20, Article III of the Constitution forbids local or special laws regulating the fees of any class of officers except municipal officers. In Knight v. Board, decided at this term, the statute was designed to regulate the duties of the Board of Public Instruction in one county, there being such a Board in all the counties. Consequently the Act violated section 20, Article III of the Constitution.

The Statute in this case is not designed as a regulation of the jurisdiction and duties of County Commissioners and of the Clerks of the Circuit Court. Even if the statute by its operation regulates the duties of County Commissioners and of the Clerk of the Circuit Court in Dade county, it is merely an incident to the creation of a statutory office in the county, and the regulation of the duties of the officer. But the duties prescribed for the Auditor and Purchasing Agent are additional and supplemental and do not change or regulate the duties of the County Commissioners or the Clerk of the Circuit Court for Dade County within the meaning of section 20, Article III. The statute does not purport to regulate the jurisdiction and duties of County Commissioners or of the Clerks of the Circuit Court; and the Auditor and Purchasing Agent for Dade County created by the enactment was then the only such officer in the State; and as to him the statute had the effect of a general law.

In Sub. Inv. Co. v. Hyde, 61 Fla. 809, 55 So. 76, it is said:

"The provisions of the organic law contemplate the existence of a board of county commissioners who are general administrative officers of the county; and the provision that their powers and duties shall be prescribed by law, authorizes a wide legislative discretion in regulating such powers and duties, but does not contemplate that any of the powers and duties usually exercised by county commissioners shall be conferred upon or performed by others."

In that case the decision was that "trustees of county bonds" who are appointed by the county commissioners are not officers authorized to perform official functions, but are merely a fiscal agency to assist the county commissioners in performing their public financial duties. A trustee of county bonds is an employee of the county commissioners. Crane v. State, 76 Fla. 236, 79 So. 806. The quotation above had direct reference to persons other than officers duly vested with official functions.

"There is nothing in our Constitution that prohibits the legislature from enacting a statute taking away from the Boards of County Commissioners, not only a part, but the whole of their powers of supervision and control of public roads and bridges, and lodging such powers elsewhere; since the control of all general public highways is vested in the State absolutely without any constitutional limitations or restrictions." State ex rel. v. Johnson et al., 71 Fla. 363, 72 So. 477.

See also State ex rel. Buford v. Fearnside, et al., 87 Fla. 349, 100 So. 256; State ex rel. Buford v. Daniel et al., 87 Fla. 270, 99 So. 804; County Coms. Escambia Co. v. Pilot Coms., 52 Fla. 197, 42 So. 697.

Duties that the constitution expressly provides shall be performed by the county commissioners, as the division of counties into taxation districts and the appointment of Assistant Assessors of Taxes and the approval of official bonds under section 7, Article VIII, and the division of counties into Justice Districts under section 21, Article V, cannot be conferred upon other officers by statute.

There may be other duties that the Constitution contemplates shall be performed only by county commissioners, such perhaps, as the final approval of accounts against the county and the drawing of warrants against county funds; but even if such functions should be exclusively performed by the county commissioners, that does not prevent statutory regulations for auditing and preliminary approval of accounts against the county before final approval and payment thereof by the county commissioners.

Section 5 of Article VIII expressly provides that "the powers, duties and compensation of county commissioners shall be prescribed by law." Under this organic provision county commissioners have only such authority as is conferred by statute, except of course the powers and duties conferred by the constitution itself. See Bowden v. Ricker, 70 Fla. 154, 69 So. 694; Stephens et al. v. Futch, 73 Fla. 708, 74 So. 805.

The provisions of section 1 of Chapter 10501 as to the duties of the Auditor and Purchasing Agent, are in effect that as auditor, he shall keep regular accounts of all receipts and disbursements etc., and shall examine all bills and accounts and prepare warrants ordered by the county commissioners for the use of the county, and audit all books and accounts of county officers, and shall audit and approve all demands against the county, and certify to their correctness on the face of the warrant before payment is made, and to make, at the end of each month a written report showing the financial condition of the county and each fund etc., and that as County Purchasing Agent, the statutory officer shall purchase subject to the supervision of the county commissioners all materials, machinery and supplies of any character whatsoever to be used by the county of Dade, etc.

In so far as these prescribed duties of the Auditor and Purchasing Agent may conflict with the general statutory duties of the county commissioners, as in the examination and approval of accounts against the county, etc., the prescribed duties of the Auditor and Purchasing Agent are supplementary and do not relieve the county commissioners of their authority and duty in the premises under other statutes; and in so far as the duties of the Auditor and Purchasing Agent are subject to the supervision of the county commissioners, the latter are required to perform their duties in the premises.

Under section 15 of Article V of the Constitution, the

clerk of the Circuit Court shall be clerk "of the Board of County Commissioners and Recorder and ex-officio Auditor of the county." The constitution contemplates that as "ex-officio Auditor of the county" the clerk of the circuit court shall audit all claims against the county that are presented for payment by the county, not that such clerk as "ex-officio Auditor of the county" shall audit the books and records of other county officers or perform other auditing duties, or be purchasing agent of the county unless so required by statute. Section 15, Article V, expressly provides that the duties of such clerk "shall be prescribed by law." The duties of the statutory Auditor and Purchasing Agent may supplement and perhaps duplicate some of the statutory duties of the clerk of the circuit court as clerk of the Board of County Commissioners and as ex-officio Auditor of the county, but that does not relieve the clerk of his duties that are prescribed by law or take from the clerk any authority conferred by the constitution. The name given a statutory officer is not material even if it is similar to a constitutional ex-officio officer, if the authority conferred on the statutory officer does not conflict with the authority conferred by the constitution on a constitutional officer. A mere duplication of official duties may not be a violation of the general intendments of the constitution when statutory regulation of duties is authorized by the constitution. If there is duplication of duties no organic provision is violated. Questions of legislative policy, not of power, are involved.

Even if the statute made the county commissioners or the clerk of the circuit court purchasing agent of the county, a subsequent statute may change the law, there being no organic regulation of the subject.

Chapter 15149 changes the name but continues the office created by Chapter 10501, the officer remains in the office, therefore section 27, Article III of the constitution is not violated. See State ex rel. Woodworth v. Amos, 98 Fla.

121, 123 So. 749. The enactment makes the Purchasing Agent a fiscal agent of the county and the duties conferred upon him do not relieve the county commissioners or the clerk of the circuit court of their jurisdiction and duties under other statutes or under specific provisions of the constitution. If the duties overlap they are supplementary and each officer performs his duty even if it is a duplication of what another does under the laws.

It does not appear that the Act of 1931 was not duly enacted by the publication of proper notice of it, or that the title of the Act is legally insufficient or misleading; but if it be invalid, Chapter 10501 remains.

. If Chapter 15149 was validly enacted and section 6 thereof is not within the scope of the title of the Act, such section may be regarded as eliminated and the balance of the Act remains.

The writ of quo warranto is dismissed.

BUFORD, C.J., AND ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents in part.

BROWN, J., dissenting in part: I concur in the holding that the Act of 1925 is valid, but I am of the opinion that Section 2 of the Act of 1931 is in conflict with Section 20 of Art. 3 of the Constitution, rendering it invalid.