STATE, *ex rel.* W. F. HIMES, v. C. E. CULBREATH, as Clerk of the Circuit Court of Hillsborough County, and *ex officio* Clerk of the Board of County Commissioners of said County, and Hillsborough County.

174 So. 422.
En Banc.
Opinion Filed May 15, 1937.

*McKay, Macfarlane, Jackson & Ramsey,* and *W. F. Himes, in pro per,* for Relator;

*John B. Sutton,* for Respondents;

*J. M. Marchant* and *William K. Love,* as *Amicus Curiae.*

· ELLIS, C. J.—In the years 1936 and 1937, the County of Hillsborough, due to the conditions prevailing during those and prior years, became involved in financial obligations, the validity of many of which were questioned, entailing an unusual and perhaps extraordinary amount of litigation. The employment of special counsel appeared to the Budget Commission and Board of County Commissioners necessary to the satisfactory and efficient handling of such litigation. In this situation the County Budget Commission of Hillsborough County provided in its 1936-1937 Budget for the employment of special counsel to assist the County Attorney in the defense of the litigation in which the County was involved and the Board of County Commissioners of the County employed the Relator, W. F. Himes, as such assistant counsel for a period of six months beginning with April 1, 1937, and ending September 30, 1937, at an agreed compensation of $2500.00 to be paid him for such services.

The relator entered upon his duties as such special counsel and on the 12th day of April, 1937, rendered a bill to the Board of County Commissioners for the sum of $1000.00 to be paid on account of said contract for special services and said bill was audited, approved and ordered paid by the Board of County Commissioners, which directed a warrant to be issued upon the First National Bank of Tampa, one of the depositaries of the County, payable out of the funds of the County. The warrant was duly issued and signed by the Chairman of the Board of County Commissioners and was required by the Board to be at-

tested and signed by the Clerk of the Board, C. E. Culbreath, the Respondent in this case.

Mr. Culbreath declined, as Clerk of the Board, to sign and attest the warrant upon the ground that he was precluded from doing so by Chapter 16,461, Laws of Florida, Acts of 1933, which, in his view, limits the power of the Board of County Commissioners in the matter of the employment of counsel and restricts it to the employment of a County Attorney, who had already been engaged and was acting in such capacity.

An alternative writ of mandamus, upon the application of Mr. Himes, was issued by this Court on the 15th of April, 1937, directed to C. E. Culbreath, as Clerk of the Board of County Commissioners, commanding him to attest the warrant so issued and affix the corporate seal of the County of Hillsborough thereto and deliver the same to the Relator, Mr. Himes, or to show cause why he failed to do so.

The respondent, C. E. Culbreath, answered the alternative writ admitting the allegations thereof and submitting to this Court for adjudication the question whether Chapter 16,461, *supra,* is a valid statute and whether it is the duty of the respondent to sign and attest and affix the corporate seal of the Board of County Commissioners of Hillsborough County to the warrant mentioned in the alternative writ and deliver the same to the relator.

The County of Hillsborough, by T. N. Henderson. Chairman of the Board of County Commissioners, also interposed an answer to the alternative writ in which also the allegations of fact in the alternative writ were admitted to be true and set forth fully the financial transactions in which the County had become involved and the litigation springing therefrom and the necessity for the engaging of special

counsel in the interests of the County to aid the County Solicitor in such matters.

Upon the coming in of the answer the Relator moved this Court for the issuing of a peremptory writ in conformity to 'the commands of the alternative writ.

The powers, duties and compensations of Boards of County Commissioners under the Constitution of this State are required to be prescribed by law. See Sec. 5, Art. VIII, Constitution of 1885.

While the Boards of County Commissioners are consti-tutional officers, their powers and duties are required to be fixed by statute, and they have such powers only as are con-ferred by statute. Bowden v. Ricker, 70 Fla. 154, 69 South. Rep. 694; Stephens v. Futch, 73 Fla. 708, 74 South. Rep. 805. State v. Walton County, 93 Fla. 796, 112 South. Rep. 630.

Section 2153 of the Compiled General Laws 1927, pro-vides among other things that the Board of County Commis-sioners shall have power to represent the County in the prosecution and defense of all legal causes. Among the sixteen powers which are by that Section of the Statute conferred upon the Board of County Commissioners the one empowering it to represent the County in the prosecu-tion and defense of all legal causes is made the subject of a separate paragraph. The language contained in the grant of that power by the Legislature necessarily vests in the Boards of County Commissioners, which are the fiscal agents of the Counties and intrusted with the care and man-agement and direction and control of their properties and their public works and in whom is vested also by that sec-tion the power of taxation for specific and general pur-poses, broad discretionary powers to the end that the in-terests of the counties in all legal causes and controver-

sies in which they may be involved shall be adequately served.

The prosecution and defense of legal causes must necessarily, under the system of jurisprudence obtaining in this country, be done by legal representatives in the courts provided by law for the adjudication of controversies. The power carries with it the necessary implication therefore that counsel may be employed by the Boards of County Commissioners whenever in the judgment of such Boards the interests of the counties require the services of counsel in the courts, whether state or federal, within whose jurisdiction the controversies in which the counties are interested may lie.

Nor would it be beyond the limitations of reasonable discretion for the Boards to employ legal counsel for advice concerning the powers and duties of such Boards in relation to any property or public works of which the counties may have possession or in which they may be engaged to the end that the best interests of the counties may be subserved therein.

Chapter 11911 of the Acts of 1927 entitled: "AN ACT Creating the Position of County Attorney authorizing Boards of County Commissioners in the Several Counties of the State to Employ Such an Attorney, Fixing the Term of Such Employment and Prescribing the Duties of Such Attorney in all of the Counties of the State of Florida, Having a Population of One Hundred and Fifty Thousand (150,000) or Over, According to the Last Preceding Census Authorized by the Legislature of the State of Florida," Sections 1, 2 and 3 of which were carried into the Compiled General Laws of 1927 as Sections 2182 and 2183, is a general Act applicable to Counties containing a population

of 150,000 or over, according to the last preceding census authorized by the Legislature of the State of Florida.

That Act authorizes the Board of County Commissioners in counties of that class to employ an attorney, to advise the Board in each such county upon the legal matters coming before it and to act as attorney for the county or the Board of County Commissioners as the case may be in all suits where the interests of the county are involved, or the official duties of the Board of County Commissioners are involved, and generally to attend to all legal matters for the County which come under the jurisdiction of the Board of County Commissioners.

In the brief filed in this case by Mr. J. P. Marchant and Mr. William K. Love, as *Amici Curiae,* it is suggested that such Act is a limitation of the general power conferred by Section 2153 C. G. L., *supra,* and restricts the larger counties in the State to the employment of one attorney only, imposing upon him only the duty of attending to all legal matters, whether in litigation or not, in which the larger counties of the class created by the Act may be interested.

Such an interpretation of the law would seem to defeat the purpose which Chapter 11911, *supra,* was designed to accomplish. As stated, the Legislature by general Act applicable to all counties, whether small or large, has vested in all Boards of County Commissioners the discretion of engaging as many attorneys as the necessities of their respective counties may require. It would seem that to limit the exercise of that discretion to the employment of one attorney in the larger counties of the class created by the Act, whose property and legal interests might reasonably be supposed to be increased in proportion to the growing population of such counties and to require more legal assist-

ance, would be to restrict the exercise of the powers of Boards of Commissioners in such counties in representing "the County in the prosecution and defense of all legal causes," rather than to facilitate the exercise of such general power which was the evident purpose of the Act.

Assuming that the growth in population in all counties carries with it an increase of property interests and public works, all of which necessarily involves the making of contracts, the assuming of obligations, which produce correspondingly an increasing demand for legal advice and counsel, an Act having for its purpose the limitation of the powers of the fiscal agents of the counties, who are the Boards of County Commissioners, in obtaining the necessary legal assistance to adequately discharge the duties of the Boards in such large counties, would be a sort of *faux pas,* false stroke in legislation, which would defeat the demand or necessity which the growing population of the larger counties *ipso facto* created. The function of statutory construction is to further and not defeat the purpose of Legislation. 59 C. J. 961, State v. Rose, 97 Fla. 710, 122 South. Rep. 225, text page 233.

We are therefore of the opinion that Chapter 11911, Acts of 1927, *supra,* is not a limitation upon, but an extension of, the general powers of Boards of County Commissioners in the matter of representing the counties in the prosecution and defense of all legal causes.

This brings us to the consideration of Chapter 16461, Acts of 1933, which was a special Act applicable to Hillsborough County alone and is entitled as follows:

"AN ACT Authorizing and Empowering the Board of County Commissioners of Hillsborough County, Florida, to Employ a County Attorney and Providing that Said County Attorney Shall be the Legal Adviser of and Shall

Represent, in All Matters of Litigation or Otherwise, All Political Subdivisions, Governmental Agencies and Special Tax or Other Districts thereof, and All Officers, Boards and Commissions of Said County, and Prohibiting All Political Subdivisions, Governmental Agencies and Special Tax or Other Districts Thereof, and All Officers, Boards and Commissions of Said County, from Employing Any Other Attorney or Legal Adviser, to be Paid for from the Public Funds, except Municipalities Within Said County and Political Subdivisions, Governmental Agencies and Special Tax or Other Districts Located Partly Within Said County and Partly Without Said County; to Fix the Compensation of the Said County Attorney; Providing for the Appointment of Two Assistants to the County Attorney and Fixing the Compensation of Each; Providing for the Office Help and Expenses for Said County Attorney; Providing Offices and Supplies for Said County Attorney and Prohibiting the Employment by said County or Any Subdivision, Agency, District, Officer, Board or Commission of Said County, of Any Other Attorney, by Contract or Otherwise, for the Foreclosure of Tax Levies or Certificates or Special Assessments of Any Kind and Providing that Said County Attorney or Assistant County Attorneys Shall Not Receive Any Compensation Other Than is Fixed in This Act, and Providing That Said County Attorney Give a Bond, Conditioned Upon the Faithful Performance of His Duties and for a True Accounting of All Property or Money of the County that May Come into His Possession."

The Act affects the powers and duties of the Board of County Commissioners of Hillsborough County in the matter of the exercise of the general duty and power to represent the County in the prosecution and defense of all legal

causes. It restricts the Board to the employment of an attorney residing in the County who has been practicing for at least five years in that County and thus deprives the Board of the power to engage counsel residing in other sections of the State to represent the County in litigation that may be pending in courts other than those established in and for Hillsborough County, and whose employment might in the discretion of the Board in the exercise of its general power facilitate the transaction of County business. See Sections 1 and 2, Chapter 16461, *supra.*

The Act transfers to the County Attorney the discretion of the employment of assistants and limits the amount to be paid such assistants by the County, thus depriving the Board of the exercise of the power of engaging legal interests of the County require such assistants. See Sec. 4, Chapter 16461, *supra.*

The Act is an express limitation upon the powers, if any exist, of all County officers or agencies in the matter of the employment of legal assistants in the collection and enforcement of tax levies and assessments. See Sec. 7, CHAPTER 16461, *supra.*

The Act contains an express provision that if it shall be held inoperative or invalid in requiring any particular political subdivision, governmental agency, district, officer, board or commission, to rely exclusively on such County Attorney as its or their attorney, then the entire Act shall be held inoperative as to all other such agencies. See Sec. 9, Chap. 16461, *supra.*

The relator contends that the Act is a special and local Act regulating the jurisdiction and duties of officers of the County of Hillsborough and particularly the Board of County Commissioners of that County and should under the provisions of the Constitution be general and of uniform

operation throughout the State. See Sects. 20 annd 21 of Article III of the Constitution of 1885. See Knight v. Board Pub. Inst. Hillsborough County, 102 .Fla. 922, 136 South. Rep. 631; Whitney v. Hillsborough County, 99 Fla. 628, 127 South. Rep. 486; Stripling v. Thomas, 101 Fla. 1015, 132 South. Rep. 824; Jordan v. State, 100 Fla. 494, 129 South. Rep. 747; Anderson v. Board Pub. Inst., 102 Fla. 695, 136 South. Rep. 334; Pierce v. State, *ex rel.* Trustees Special Tax School District No. 23, 103 Fla. 1032, 136 South. Rep. 689.

We are not concerned in this case with the validity of any classification of counties which might convert a similar statute into a general statute resting upon a sound classification because in the case before us the Act, Chapter 16461, *supra,* does not purport to be anything but a special and local Act applicable only to the County of Hillsborough, therefore the only question is whether the powers and duties imposed upon the Board of County Commissioners, and other county agencies of the County of Hillsborough by this Act respecting the employment of counsel or the procurement of legal assistance, is in fact a regulation of the jurisdiction and duties of the officers of Hillsborough County, or any of them.

The case of Kreogel v. Whyte, 62 Fla. 527, 56 South. Rep. 498, does not conflict with the views herein expressed that the authority and duties of the County Commissioners "to represent the County in the prosecution and defense of all legal causes" is a general duty appertaining to all Boards of County Commissioners throughout the State because in the Kroegel case, *supra,* it is pointed out that the Act authorizing the Board of County Commissioners of the certain County to levy a tax to meet the expenses incident to a public work not general to all the counties is a "mere in-

cident to and the necessary concomitant with the power" existing "in the Legislature to authorize by special or local Act, a county to levy a tax for a lawful county purpose." Text 530.

That County purpose may be the engaging in a public service or public utility which because of the geographical location of the County is peculiarly applicable to that County, and the engaging in such enterprise may by special Act be declared to be a County purpose as to the particular County. The levying of a tax to raise funds for the execution of that duty applicable specially and particularly to the County by reason of its geographical location or other distinguishing or peculiar feature is a power which is merely incident and concomitant with the power and duty lawfully created by special Act, and consequently not amenable to the criticism that the power to levy such tax is an infringement upon the inhibitions found in Sections 20 and 21, Art. III, Constitution. Such is the theory of the case of Lainhart v. Catts, 73 Fla. 735, 75 South. Rep. 47.

The requirement of the Constitution is that laws relating to the jurisdiction and powers of all classes of officers, except municipal officers, shall be general and of uniform operation. A law may be general, although not of universal operation, the generality of the statute resting upon a sound basis of classification which would necessarily exclude a universal operation throughout the State as not affecting certain counties lying within that classification, but it would nevertheless be of uniform operation among all counties falling within the proper classification.

We are not concerned, however, with that proposition because Chapter 16461, *supra,* purports to be nothing else than a special and local law, and, inasmuch, as it does attempt to regulate the jurisdiction and duties of the Board of

County Commissioners of Hillsborough County only in the matter of their general duty and power to represent that County in the prosecution and defense of all legal causes, we hold the Act to be invalid as being in conflict with the inhibitions of the Constitution contained in Sections 20 and 21, Art. III, thereof.

It is therefore considered, ordered and adjudged that the peremptory writ of mandamus do issue in conformity with the mandate of the alternative writ.

So ordered.

TERRELL, BROWN, and BUFORD, J. J., concur.

WHITFIELD, P. J., not participating on account of illness.

DAVIS, J. (concurring in part, dissenting in part).—Chapter 16461, Special Acts of 1933, Laws of Florida, creates a county legal department to consist of an attorney and two assistants who are to be employed by the County Commissioners of said County at the salaries specified in the Act—$5,000.00 per annum for the County Attorney and $300.00 per month and $200.00 per month, respectively, for the assistants. A stenographer and bookkeeper is also provided, as are supplies and means of carrying on the county's legal work. In addition the County Attorney is required to give a $50,000.00 bond.

Under the Act it is made the duty of the County Attorney to act as legal adviser in all matters of litigation and otherwise, to represent the political subdivisions, governmental agencies and special tax and other agencies, and all district, officers, boards and commissions, of Hillsborough County, and no officer, board or commission of the county is permitted to have any other legal adviser or attorney except at his or their own personal expense to be paid out of the affected individual's own personal funds.

Section 7 of the Act prohibits the employment by the county, or by its political departments, subdivisions, gov-. ernmental agencies or tax or other districts thereof, of special attorneys in connection with tax foreclosures or assessments but otherwise to have no relevancy to the other parts of the Act.

In this case W. F. Himes, the relator, was employed by the Board of County Commissioners of Hillsborough County, and is now so employed, as special counsel to appear for and represent, together with the Honorable John B. Sutton, the official County Attorney, under Chapter 16461, *supra,* the County of Hillsborough in the defense of some seventy-five or more suits brought against the County in an effort to fasten on it liability for certain paving certificates issued in the name of the County pursuant to the terms of Chapters 9316, 10139, 10145, 12207, 12208, as it is claimed by the plaintiffs in those actions. The amount involved on the litigation is in excess of $5,000,000.00, and comprehends cases required to be defended in the Federal Courts as well as in the state courts.

For assisting in the litigation as special counsel as aforesaid the County Commissioners agreed to pay, and Himes agreed to accept, the extremely modest sum of $2,500.00 as attorney's fees for the six months period April 1, 1937, to September 30, 1937, but the Clerk of the Circuit Court, being in doubt as to the validity of the employment of Himes as special counsel as aforesaid, because of the restrictive provisions of Chapter 16461, *supra,* has declined to countersign a county warrant wherewith to make such payment, in consequence of which Himes has brought this mandamus, setting up, among other things, the alleged unconstitutionality of Chapter 16461, *supra,* because it is a special and local law.

In the writ it is made to appear that the amount sought to be paid Himes was duly provided for in the general county budget for the fiscal year 1936-1937, adopted by the County Commissioners in conformity with Chapter 14678, Acts of 1929. So the sole objection capable of being raised to the payment, if objection can be raised to it, must be found in Chapter 16461, *supra,* or in the terms of the Constitution if that Act be valid *and applicable* to a case like that before us.

Section 20 of Article III of the Constitution prohibits the Legislature from passing special or local laws "regulating the jurisdiction and duties of any class of officers, except municipal officers." But Section 24 of the same Article expressly permits the Legislature to "provide" local or special laws "applicable" to county and municipal government, and in terms ordains that in cases where such "special or local laws are provided by the Legislature that may be inconsistent with" general laws relating to county government, the special or local laws must prevail.

Acting under Section 24 of Article III of the State Constitution the published statutes of Florida show that the Legislature has, in the past thirty years, enacted numerous "County Attorney" laws. So far as the records of this court show, such laws have never been seriously questioned as being within the inhibitory provisions of Section 20 of Article III as distinguished from the authorized laws provided for by Section 24 of Article III. A list of such special or local county attorney employment laws, as accurate as I have been able to compile it in the short space of time I have had available for the purpose, is as follows:

### LEGISLATURE OF 1909

Chapter 5989, authorizing Board of County Commissioners of Jackson County to employ a Special State Attorney to represent the State in County Judge's Court and Justice of Peace Courts.

### LEGISLATURE OF 1911

Chapter 6282, authorizing the Board of County Commissioners of Leon County to employ an attorney to represent the State in County Judge's Court.

### LEGISLATURE OF 1913

Chapter 6595, authorizing Board of County Commissioners of Holmes County to employ an attorney to prosecute those charged with commission of crimes and offenses before County Judge's Court and Courts of Justices of the Peace.

Chapter 6604, authorizing Board of County Commissioners of Lee County to employ attorney to prosecute persons charged with and violating law before County Judge and Justices of the Peace and as legal adviser of the Board.

Chapter 6652, authorizing Board of County Commissioners of Seminole County to employ attorney to represent State in all hearings and trials in which the State is a party in County Judge's Courts and Justices of the Peace Courts.

Chapter 6649, authorizing Board of County Commissioners of St. Lucie County to employ attorney to represent the state on all trials in which the state is a party in County Judge's Court.

### LEGISLATURE OF 1915

Chapter 7057, authorizing Board of County Commissioners of Marion County to employ attorney to prosecute those charged with crime before County Judge's Court.

Chapter 7106, authorizing Board of County Commissioners of Santa Rosa County to employ attorney to prosecute those charged with crime before County Judge's and Justice of the Peace Courts.

Chapter 7122, authorizing Board of County Commissioners of Walton County to employ attorney to prosecute those charged with crimes and offenses before County Judge's Court and Courts of Justices of the Peace.

## Legislature of 1917

Chapter 7427, authorizing Board of County Commissioners of Bradford County to employ an attorney to prosecute those charged with crime before County Judge's and Justice of the Peace Courts.

Chapter 7447, authorizing the Board of County Commissioners of Columbia County to employ an attorney to represent the State in all hearings and trials in which the state is a party in the County Judge's Court and Justice of the Peace Courts.

Chapter 7473, authorizing the Board of County Commissioners of Franklin County to employ an attorney to prosecute those charged with crime before County Judge's and Justices of the Peace Courts.

## Legislature of 1919

Chapter 8031, authorizing Board of County Commissioners of Duval County to employ an attorney to assist Solicitor of Criminal Court of Record.

## Legislature of 1921

Chapter 8675, authorizing the Board of County Commissioners of Duval County to employ an attorney to assist the Solicitor of the Criminal Court of Record

226

## LEGISLATURE OF 1923

Chapter 9661½, authorizing the Board of County Commissioners of Volusia County to employ an attorney to prosecute those charged with crimes and offenses before County Judge's and Justices of the Peace Courts.

## LEGISLATURE OF 1925

Chapter 11269, amending Chapter 9661½, pertaining to employment of attorney by Board of County Commissioners of Volusia County to prosecute those charged with crime and offenses before County Judge's Court.

## LEGISLATURE OF 1927.

Chapter 13134, authorizing the Board of County Commissioners of Nassau County to employ a County Attorney.

Chapter 13518, authorizing the Board of Public Instruction of Volusia County to appoint an attorney as legal adviser and to represent it in all litigation in which the Board of any Special Tax School District is involved.

## LEGISLATURE OF 1929

Chapter 14443, authorizing County Commissioners of Volusia County to employ an attorney as legal adviser and to represent it in all litigation in which their county may be involved.

## LEGISLATURE OF 1931

Chapter 15571, repealing Chapter 9661½, as amended by Chapter 11269, relating to authority of Board of County Commissioners of Volusia County to appoint a prosecuting attorney for the County Judge's Court and Justices of the Peace Court.

Chapter 15564, amending Chapter 13518, relating to Board of Public Instruction of Volusia County appointing attorney as legal adviser and to represent it in all litigation.

Chapter 15565, authorizing County Commissioners of Volusia County to employ an attorney as legal adviser, and to represent the county in all litigation, and to prosecute those charged with crimes and offenses before County Judge's Court.

Chapter 15563, repealing Chapter 1443, authorizing County Commissioners of Volusia County to employ an attorney as legal adviser and to represent it in all litigation in which the County might be involved.

### LEGISLATURE OF 1933

Chapter 16748, providing for a County Attorney for Volusia County.

### LEGISLATURE OF 1935

Chapter 17494, authorizing the Board of Pilot Commissioners of Bay County to employ an attorney and to provide for payment of salary by the Board of County Commissioners.

Faced with the practical interpretation thus put upon the Constitution and accepted by the people of this state for thirty years, and indeed approved by this Court in the case of State, *ex rel.* Landis, v. Wheat, 103 Fla. 1, 137 Sou. Rep. 277, I should hesitate to so sweepingly strike down Chapter 16461, Acts of 1933, relating to Hillsborough County as unconstitutional, and thereby destroy at one stroke the similar laws of other counties, without inviting them to appear and be heard in defense of their own situations. Especially is this so when it is apparent that Section 24 of Article III and not Section 20 of Article III is the constitutional provision under which the Legislature has proceeded to enact these several laws.

But I agree that the peremptory writ should issue. This is so because a proper interpretation of Chapter 16461, Acts

of 1133, *supra,* did not preclude the employment of relator Himes in the circumstances set up in the alternative writ of mandamus.

The language of Chapter 16461, Acts 1933, that the regular County Attorney of Hillsborough County shall "in all matters in litigation or otherwise" represent Hillsborough County and its subdivisions, has no reference to the *defense* of special and extraordinary litigation brought *against* the county as a defendant, such as are the cases wherein relator Himes has been specially employed to assist the County Attorney.

In construing a constitution or a statute the rule is well settled that even in cases within the letter of an enactment, there may be something so obviously absurd, or mischievous, or repugnant to the general spirit of the written law otherwise evidenced, as to justify the judges who expound the law to make an exception of it as being necessary to carry out the law's general intendment. See: Dartmouth College v. Woodward, 4 Wheat 518 (at page 644.) (U. S.) 4 L. Ed. 629. And as has been so well stated by Mr. Justice Cardozo when on the Court of Appeals of New York: "Consequences cannot alter statutes, but may help to fix their meaning. Statutes must be so construed, if possible, that absurdity and mischief may be avoided." In re: Rouss, 221 N. Y. 81 (text page 91.), 116 N. E. Rep. 782. We have applied this rule in Florida. See: State v. City of Miami, 100 Fla. 1388, 131 Sou. Rep. 143, where superfluous words were eliminated from a constitutional amendment to preserve the general intendment of the whole.

Chapter 16461, Acts 1933, *supra,* construed in accordance with the general intendment of the whole creates a county legal department for Hillsborough County and precludes the employment of special legal advisers and attorneys to

represent the county and its districts, boards, bureaus, agencies and commissions only insofar as they are capable of being advised and represented by the County Attorney's office. There is nothing in its language that forbids the County Commissioners from setting up in their budget an extraordinary appropriation for the employment of special counsel to assist in the defense of unusual litigation wherein they have been sued and the County Attorney's office is, by reason of the volume, character and extent of such litigation, and the number of divers courts in which it is pending, in need of special counsel to enable him to adequately defend it.

Such is the case we have here. It is unnecessary to go further in deciding this case than to determine that the special appropriation by the County Commissioners in their budget was a lawful one and that relator has brought himself within the scope of the appropriation. If he has, he is entitled to have his special services paid for out of. it. Such he has done and is therefore entitled to a peremptory writ of mandamus against the Clerk of the Circuit Court to compel him to sign the warrant here brought into controversy.

The situation confronting the County Commissioners of Hillsborough County in this case appears to have been not unlike the situation that presented itself when the U. S. Government resorted to the employment of special counsel to recover the Teapot Dome Oil Lands, although the U. S. Attorney General and all of the U. S. District Attorneys in the United States were available to be used for that purpose. It should not be casually assumed that Chapter 16461, Acts 1933, was ever intended to apply to special and extraordinary litigation which the general laws of Florida contemplate shall be represented and defended by

the County Commissioners as in their best judgment should be done. The local law here involved does not require a construction that will completely destroy the emergency powers of the County Commissioners specifically vested in them to employ special counsel to defend unusual and extraordinary litigation as distinguished from the handling of the common and ordinary legal work of the county which Chapter 16461 was obviously devised to comprehend.

With the foregoing reservations and qualifications I concur in issuing the peremptory writ of mandamus, but otherwise dissent from the opinion of Mr. Chief Justice ELLIS for the reasons I have hereinbefore set forth.