Mr. J. David House County Attorney Calhoun County 119 River Street Blountstown, Florida 32424
Dear Mr. House:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE COUNTY MUST TAKE COMPETITIVE BIDS PRIOR TO HIRING THE COUNTY ATTORNEY?
Section 1(f), Art. VIII, State Const., in pertinent part, provides that noncharter counties "shall have such power of self-government as is provided by general or special law." The statutory implementation of this constitutional provision is contained in s125.01, F.S. Subsection (1) of s 125.01, in relevant portion, provides:
 (1) The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power shall include, but shall not be restricted to, the power to:
* * *
 (b) Provide for the prosecution and defense of legal causes in behalf of the county or state and retain counsel and set their compensation.
Section 125.01(1), F.S., does not require competitive bidding for the provision of legal services to the county, and I am not aware of any other general law which requires the taking of competitive bids for the furnishing of such personal legal services to the county. Absent any statutory requirement therefor, the county is not required to take competitive bids prior to hiring the county attorney. The counties have long-standing authority to hire an attorney to provide legal services to the county. See, e.g., State ex rel. Himes v. Culbreath, 174 So. 422 (Fla. 1937) (counsel may be employed by the boards of county commissioners whenever in the judgment of such boards the interests of the counties require the services of counsel in the courts); AGO 58-178 relying on State ex rel. Himes v. Culbreath, supra., and former s 125.01(3), F.S. 1957.
In the absence of a statutory requirement, a public body has no legal obligation to let a contract under competitive bidding or to award the contract to the lowest bidder. See, 63 C.J.S. Municipal Corporations s 996, p. 568; AGO 71-366. The decisions of the Florida courts are in accord with this principle. See, e.g., Ackman v. Dade County, 308 So.2d 622 (3 D.C.A.Fla., 1975) (no requirement that Dade County employ statutory competitive bidding procedure pursuant to s 125.35, F.S., in granting gift shop concession at airport); William A. Berbusse, Jr., Inc. v. North Broward Hospital Dist., 117 So.2d 550 (2 D.C.A.Fla., 1960) (a public body is not required unqualifiedly to award the contract to the lowest bidder unless there exists a statutory requirement in this respect). Accord, Marriott Corp. v. Metropolitan Dade County,383 So.2d 662 (3 D.C.A.Fla., 1980) (public body is not required unqualifiedly to award contract to lowest bidder unless there exists a statutory requirement; a charter county is obligated to follow competitive bidding standards requiring award of contract to operate bar at airport to be made to lowest or best bidder by reason of resolutions adopted pursuant to county charter requiring board of county commissioners to submit management and service contracts under review to competitive bidding process).
In the absence of a specific constitutional or statutory provision therefor, a noncharter county has no obligation to establish a bidding procedure and may contract in any manner not arbitrary or capricious. See, Volume Services Division v. Canteen Corp.,369 So.2d 391 (2 D.C.A.Fla., 1979). See generally, 64 Am.Jur.2d Public Works and Contracts s 34. I am not aware of any constitutional provision or general statute which requires a noncharter county to take competitive bids for the procurement of legal services. Cf., s 287.055, F.S. (the Consultants' Competitive Negotiation Act) relating to services within the scope of the practice of architecture, professional engineering, landscape architecture or registered land surveying, as defined by the laws of the state; s125.35(1)(b), F.S., requiring bids for the purchase of county owned real property. Nor have you brought my attention to any special law or ordinance which requires the board of county commissioners to take competitive bids prior to hiring legal counsel for the county.
It is therefore my opinion that in the absence of a special law or county ordinance so requiring, a noncharter county is not required to take competitive bids prior to hiring the county attorney.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General