Ms. Karleen F. De Blaker Clerk of the Circuit Court Pinellas County 315 Court Street Clearwater, Florida 33516
Dear Ms. De Blaker:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 IS THE CLERK OF THE CIRCUIT COURT AS EX OFFICIO COUNTY AUDITOR AUTHORIZED TO PERFORM POST-AUDIT FUNCTIONS ON THE RECORDS OF OTHER CONSTITUTIONAL COUNTY OFFICERS?
Your inquiry is prompted by Resolution No. 85-425 passed by the Pinellas County Board of County Commissioners which directs you, the clerk of the circuit court, in your capacity as county auditor, "to perform audit functions on behalf of the Board in auditing the records of constitutional officers, agencies, offices and officers of Pinellas County Government on at least an annual basis and report the results of said audits directly to the Board of County Commissioners in a timely manner." You state that in taking such action, the board has relied on the provisions of s.125.01(1)(s), F.S., which authorizes the county commission to make investigations of county affairs and to inquire into accounts and records of county offices and officers. You question the scope of your authority in this regard. I would note that the county resolution speaks in terms of the performance of "audit functions" while your question specifically addresses post-audit functions. While it is the policy of this office to refrain from commenting on the validity of duly enacted legislation, this opinion will address in general terms the duty and responsibility of the clerk, as county auditor, to audit the records of county officials.
Your letter states that Pinellas County is a charter county but that the charter does not alter the powers and duties of those county officers provided for in the Constitution. Section 1(d), Art. VIII, State Const., states that unless otherwise specifically provided by county charter or special law approved by vote of the electors, the clerk of the circuit court shall be ex officio clerk of the board of county commissioners, auditor, recorder and custodian of all county funds. Pursuant to s. 125.17, F.S.:
 The clerk of the circuit court for the county shall be clerk and accountant of the board of county commissioners. He shall keep their minutes and accounts, and perform such other duties as their clerk as the board may direct. He shall have custody of their seal, and shall affix the same to any paper or instrument to which it shall be proper or necessary that the same shall be affixed. And he may give copies of writings in his custody as the clerk of said board, attested by his signature and authenticated by said seal.
See also, s. 28.12, F.S.; and s. 129.09, F.S., making the clerk of circuit court, as county auditor, personally liable for the amount of any warrant for the payment of any claim, bill or indebtedness against county funds in excess of the expenditure allowed by law or county ordinance or the payment of an illegal charge against the county or the payment of any claim against the county which is not authorized by law or county ordinance and making the willful and knowing signing of such a warrant a second degree misdemeanor. And see, s. 136.08, F.S., which makes the accounts of every board and the county accounts of every depository mentioned or provided for in Ch. 136, F.S., subject to inspection and examination by the county auditor and by the Auditor General; s. 116.07, F.S., requiring, inter alia, that ex officio clerks of the boards of county commissioners shall keep books of account and of record in accordance with forms to be approved by the Auditor General. See generally, s. 5(c), Art. II, State Const., which provides that "[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law." Cf., AGO 84-51 (ordinance of a noncharter county is not a "law" within the purview of s. 5[c], Art. II, State Const.); AGO 84-39 (municipal ordinance is not a "law" within the meaning of s. 8, Art. I, State Const.).
This office has previously stated that the clerk of the circuit court, although a constitutional officer, possesses only such powers as have been expressly or by necessary implication granted by statute. See, e.g., AGO 78-95, concluding that, in the absence of any authorizing statute, the clerk of the circuit court was not authorized to enter into a contract for insurance as specified therein, and AGO's 77-76 and 79-70; cf., AGO 80-59. And see, Security Finance Co. v. Gentry, 109 So. 220, 222 (Fla. 1926), in which the Florida Supreme Court stated that "[t]he clerk's authority is entirely statutory, and his official action, to be binding upon others, must be in conformity with the statutes." Cf., Pan American World Airways v. Gregory, 96 So.2d 669, 671 (3 D.C.A. Fla., 1957), stating that "[t]he clerk is an officer of the court whose duties are ministerial and as such he does not exercise any discretion." Thus the clerk's powers, like those of other constitutional county officers, are limited to those powers which have been expressly granted or are clearly necessary to give meaning and effect to those powers which have been expressly granted. See, Gessner v. Del-Air Corporation, 17 So.2d 522
(Fla. 1944); White v. Crandon, 156 So. 303 (Fla. 1934); Harvey v. Board of Public Instruction, 133 So. 868 (Fla. 1931); and 67 C.J.S. Officers s. 190(a).
In the case of Alachua County v. Powers, 351 So.2d 32 (Fla. 1977), the Clerk of the Circuit Court of Alachua County sought a declaratory judgment to clarify his fiscal duties as clerk of the county commission in four capacities: as auditor, accountant, custodian, and investor of county funds. The Florida Supreme Court stated that the trial court had correctly determined that "the Clerk was to act as county auditor in all auditing functions except when the board employs an independent auditing firm pursuant to Section 125.01(1)(x), Florida Statutes (1975)." Alachua County v. Powers, supra at 36. See, s. 125.01(1)(x), F.S., authorizing the board of county commissioners to "employ an independent accounting firm to audit any funds, accounts, and financial records of the county and its agencies and governmental subdivisions." The Court determined that while the clerk has the responsibility to act as pre-auditor of county funds, the board has the right to audit its own funds and make such investigations as may be necessary before any public funds are used. Pursuant to constitutional and statutory provisions, the auditing function in making such an investigation is to be carried out by one of three entities: pre-auditing by the clerk in his or her capacity as county auditor, performance auditing by an independent certified public accountant (or independent accounting firm), and post-auditing functions by the Auditor General or an independent auditing firm. See, s. 11.45(3)(a)3., F.S., which states that if the Auditor General has not notified a local governmental entity that a financial audit for that fiscal year is to be performed, each county agency shall require that an annual financial audit of its accounts and records be completed, within 6 months after the end of its respective fiscal year, by an independent certified public accountant retained by it and paid from its public funds. . . . The county audit shall be one document which shall include a separate audit of each county agency. The county audit shall be a single report. The governing body of a county shall be responsible for selecting an independent certified public accountant to audit the county agencies of the county according to the [procedures prescribed therein]. . . .
See also, s. 11.45(1)(a), F.S., which defines a "county agency" for purposes of this section to mean a board of county commissioners, a clerk of the circuit court, a separate or ex officio clerk of the county court, a sheriff, a property appraiser, a tax collector, a supervisor of elections, or any other officer in whom any portion of the fiscal duties of this section are under law separately placed. And see, s. 11.45(9), F.S., providing that all agencies (with certain exceptions not pertinent to the instant inquiry) have the power to have a performance audit or financial audit of their accounts and records by an independent certified public accountant retained by them and paid from their public funds.
As the Court in Alachua County v. Powers, supra at 37, stated:
 The clerk has the authority and responsibility to perform the auditing functions both as an arm of the board in auditing the records of constitutional officers and as a watchdog of the board in the case of pre-auditing accounts of the board in determining legality of expenditure. The phrase "legality of expenditure" includes that the funds are spent for a public purpose, that the funds are spent in conformity with county purchasing procedures or statutory bidding procedures, that the expenditure does not overspend any account or fund of the budget as finally adopted and recorded in the office of the clerk. If the board becomes concerned, it has the authority to require a performance audit or post-audit by an independent accounting firm.
See generally, s. 129.09, F.S., which provides penalties for the payment of illegal warrants signed by the clerk, as county auditor, against county funds. The Court, supra at p. 43, concluded by summarizing its holding as follows in pertinent part:
In summary we hold:
 1. The clerk is county auditor, accountant and custodian of all funds of the county pursuant to constitutional and statutory provisions.
 2. Pre-audits are conducted by the clerk in his capacity as county auditor, a performance audit may be made by an independent certified public accountant (or independent auditing firm), and post-audit may be made by the auditor general or the independent accounting firm.
 3. The clerk's office may be divided by general or special law between two officers, one serving as clerk of the court and one serving as ex officio clerk of the board, auditor, recorder and custodian of all county funds, or, the duties of the clerk may be varied by county charter or special law approved by the electors of the county. (e.s.)
The Court in Alachua County v. Powers, supra, cited and quoted with approval an earlier Florida Supreme Court case, State ex rel. Landis v. Wheat, 137 So. 277, 283 (Fla. 1931), which construed s. 15, Art. V, State Const.1885, and stated that
 [u]nder section 15 of article 5 of the Constitution, the clerk of the circuit court shall be clerk "of the Board of County Commissioners, and Recorder and ex-officio Auditor of the County." The Constitution contemplates that as "ex-officio Auditor of the County" the clerk of the circuit court shall audit all claims against the county that are presented for payment by the county, not that such clerk as "ex-officio Auditor of the County" shall audit the books and records of other county officers or perform other auditing duties, or be purchasing agent of the county unless so required by statute. Section 15, article 5, expressly provides that the duties of such clerk "shall be prescribed by law." (e.s.)
It is the rule that decisions construing predecessor provisions of the Constitution having the same import as current provisions are sources of, or authority for, the construction of the successor provisions. State v. Miami Beach Redevelopment Agency, 392 So.2d 875,885 (Fla. 1980); Weber v. Smathers, 338 So.2d 819 (Fla. 1976); In re Advisory Opinion to the Governor, 112 So.2d 843 (Fla. 1959). Thus, the Court's analysis of the provisions of s. 15, Art. V, State Const.1885, is relevant to s. 1(d), Art. VIII, State Const., which is, in all material respects pertinent to the instant inquiry, a continuation of the 1885 constitutional provision. See, Commentary, s. 1(d), Art. 8, State Const., 26A F.S.A.
While the constitutional and statutory provisions cited and discussed herein vest responsibility for the performance of pre-audit functions of county funds to the county auditor, I am not aware of any statutory provision expressly authorizing or directing the clerk of the circuit court to perform post-audits on the records and accounts of other constitutional officers, nor has such a provision been brought to the attention of this office. Compare, s. 11.45(3)(a)3., supra. According to your letter, the county relied on s. 125.01(s), F.S., as authority for the adoption of the resolution directing the county auditor to perform audit functions on behalf of the board in auditing the records of constitutional officers, agencies, offices and officers of Pinellas County Government. The Court in Alachua County v. Powers, supra at p. 36, considered s. 125.01(s) which authorizes the board of county commissioners to
 [m]ake investigations of county affairs; inquire into accounts, records, and transactions of any county department, office, or officer; and, for these purposes, require reports from any county officer or employee and the production of official records.
As the Court noted, id., in accomplishing this purpose the board also has the power pursuant to s. 125.01(1)(x), F.S., to "[e]mploy an independent accounting firm to audit any funds, accounts, and financial records of the county and its agencies and governmental subdivisions."
While the Court recognized the clerk's responsibility to act as pre-auditor of county funds and acknowledged the right of the board of county commissioners to audit its own funds and make any necessary investigations prior to the use of public funds, the Court, in light of the above referenced constitutional and statutory provisions, determined that in making such investigations the auditing function must be carried out as prescribed in s. 11.45(3)(a), F.S., by one of three entities: pre-auditing by the county auditor; performance auditing by an independent certified public accountant (independent accounting firm); and post-auditing by the Auditor General or the independent auditing firm. Cf., W and F Limited v. Dunkle, 444 So.2d 554 (4 D.C.A., Fla. 1984), citing with approval Alachua County v. Powers, supra, and noting that the Legislature had not done anything since that decision to devitalize the caretaking of public funds. Based on the foregoing, I am unable to conclude that the clerk of circuit court, as the county auditor, possesses the statutory authority to perform post-audit functions on the records of other constitutional county officers.
In sum, it is my opinion, until legislatively or judicially determined otherwise, that the clerk of circuit court as ex officio county auditor is not authorized to perform post-audit functions on the records of other constitutional officers.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General