STATE, *ex rel.* HAYS LEWIS, JR., v. J. B. GARRETT, R. L. TOOLE, J. P. GAUSE, O. L. PEACOCK and JOHN E. LAMBE, as and constituting the Board of County Commissioners of Jackson County, and J. B. GARRETT, as Chairman, and H. A. BOWLES, as Clerk of the Circuit Court, and *ex-officio* Clerk of the Board of County Commissioners.

178 So. 309.
Opinion Filed December 20, 1937.
Rehearing Denied February·3, 1938.

*Hays Lewis, Jr., J. Velma Keen* and *A. Frank O'Kelley, Jr.,* for Relator;

*Carter & Pierce,* for Respondents.

TERRELL, J.—The Legislature of 1937 enacted Chapter 18609, creating the office of County Attorney of Jackson County, Florida, prescribing his term of office, fixing his compensation, defining his powers and duties, and providing for his election at the General Election in November, 1938, and appointment by the Governor up to that time.

Pursuant to the provisions of said Act, the Governor, on April 23, 1937, appointed Honorable Hays Lewis, Jr., and commissioned him as County Attorney for Jackson County to serve during the interim from his appointment to the Tuesday following the first Monday in January following the General Election in November, 1938.

As soon as he was appointed and commissioned, the Appointee tendered his services to the Board of County Commissioners and the County Judge of Jackson County as advisor to the Board and prosecutor for the County Court as the Act providing for his appointment contemplated, but they were in each instance declined.

His services as County Attorney having been declined, on petition filed by him, alternative writ of mandamus was issued by this Court directed to the Clerk of the Circuit Court and the Board of County Commissioners of Jackson County commanding them to draw their warrant and pay the relator his compensation as County Attorney provided by Chapter 18609, Acts of 1937, for the period from April 24th to July 1st, 1937, or to show cause why they refuse so to do.

Respondents moved to quash the alternative writ on the ground, (1) that Chapter 18609 is a special or local law

and attempts to regulate the duties and jurisdiction of the Board of County Commissioners of Jackson County in violation of Sections Twenty and Twenty-one, Article Three, of the Constitution of Florida, and (2) the said Act attempts to create a county office and does not provide for nor prescribe the amount and conditions of the bond required to be filed by all county officers as required by Section Seven, Article Eight, Constitution of Florida. The motion to quash also challenges named sections of the Act on similar grounds.

Respondents also filed at the same time, but subject to the motion to quash, a return to the alternative writ in which they deny that relator has earned the emoluments of the office claimed by him. The return challenges the constitutional validity of Chapter 18609 on grounds similar to the motion to quash and in addition thereto interposes as a defense to the writ a contract entered into with another attorney for the same service which does not expire until January, 1938.

The relator has filed a motion for peremptory writ notwithstanding the return. The cause is now before us for disposition on the motion to quash and the motion for peremptory writ.

Does Chapter 18609, Acts of 1937, regulate the jurisdiction and duties of the Board of County Commissioners of Jackson County in violation of Sections Twenty and Twenty-one, Article Three, Constitution of Florida?

Chapter 18609 is a special or local law creating the office of County Attorney of Jackson County, providing for his election by the people at the General Election in 1938 and for his appointment by the Governor until that time. It also fixes his term, duties, and compensation.

It is quite true that Chapter 18609 as to Jackson County changes the general law (Section 2153, Compiled General

Laws of 1927) authorizing Boards of County Commissioners to designate a County Attorney, but Section Five of Article Eight of the Constitution provides among other things that the powers, duties, and compensation of County Commissioners shall be prescribed by law. The matter of designating a County Attorney and fixing his compensation is a mere incident to the general powers and duties of County Commissioners and under the plenary power vested in the Legislature to regulate such powers, certainly it is competent to change the law for designating a County Attorney in any one or all the counties.

It is not charged or attempted to be shown that Chapter 18609 imposes any duty on the County Attorney for Jackson County different from that imposed by general law or that would be imposed by the Board of County Commissioners when selected by them and being so, the Act in its final analysis only changes the method of his designation. Acts of similar character modifying the powers of Boards of County Commissioners have been repeatedly upheld by this Court. Himes v. Culbreath, 128 Fla. 210, 174 So. 422; State, *ex rel.* Buford, v. Daniel, 87 Fla. 270, 99 So. 804; State, *ex rel.* Landis, v. Wheat, 103 Fla. 1; 137 So. 277; Town of San Mateo City v. State, *ex rel.* Landis, 117 Fla. 546, 158 So. 112; State, *ex rel.* Buford, v. Fearnside, *et al.,* 87 Fla. 349, 100 So. 256.

It is next contended that Chapter 18609, Acts of 1937, is void and inoperative because it creates a county office, but fails to provide for and prescribe the amount and conditions of a bond to be given as required by Section Seven, Article Eight, of the Constitution.

The pertinent part of Section Seven of Article Eight of the Constitution is as follows:

"All county officers, except Assistant Assessors of Taxes, shall before entering upon the duties of their respective

offices, be commissioned by the Governor, but no such Commission shall issue to any such officer, until he shall have filed with the Secretary of State a Good and sufficient bond, in such sum and upon such conditions as the Legislature shall by law prescribe, approved by the County Commissioners of the County in which such officer resides, and by the Comptroller."

We do not construe the terms of the Constitution as thus quoted in so far as it requires a bond to be mandatory, but we think the question of whether a county officer shall be required to give a bond together with the amount and conditions thereof is one in the discretion of the Legislature to determine. If the office is not one that requires a bond, the Legislature may remit it. The Legislature has frequently so construed this provision of the Constitution as will be evident by the following Acts: Chapter 11380, Acts of 1925, Chapter 13885, Acts of 1929, Chapter 14570, Acts of 1929, Chapter 16748, Acts of 1933.

Neither do we find support for the contention that Chapter 18609 impairs the obligation of the contract between the Board of County Commissioners of Jackson County and their regularly employed attorney. It appears on its face to be a valid exercise of the police power and does not prohibit the employment of other counsel. The question of whether the county was in need of a County Attorney was one of legislative policy with which we have no concern.

Other questions raised were considered and comprehended in those answered.

The motion for peremptory writ notwithstanding the return is granted.

It is so ordered.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., and BROWN, J., dissent.