153 So.2d 5 (1963)
WEST FLAGLER KENNEL CLUB, Inc., et al., Appellants,
v.
FLORIDA STATE RACING COMMISSION et al., Appellees.
No. 32099.
Supreme Court of Florida.
February 27, 1963.
Rehearing Denied May 31, 1963.
*6 M.L. Mershon of Mershon, Sawyer, Johnston, Simmons & Dunwody, G. Kenneth Kemper of Hoffman, Kemper & Johnson, Miami, for appellants.
J. Lewis Hall, of Hall, Hartwell & Hall, Tallahassee, Richard W. Ervin, Atty. Gen., and Leonard Mellon, Asst. Atty. Gen., and Willard Ayres, Ocala, for appellees.
DREW, Justice.
The appellants, five pari-mutuel racing establishments, are controverting a decree of the Circuit Court for Leon County dismissing a complaint against the appellees, Florida State Racing Commission, Ponce de Leon Trotting Association, Inc., and South Florida Harness Raceways, Inc., seeking a decree enjoining the granting or transfer of a harness racing permit under Chapter 61-1940, Laws of Florida, Special Acts of 1961.
In 1946 a harness racing permit was issued to Ponce de Leon Trotting Association for operations in St. Johns County. Upon approval by referendum in that county,[1] Ponce de Leon conducted racing in 1953, 1958 and 1960 pursuant to license from the Commission. *7 Because of financial difficulties Ponce de Leon was placed in receivership in St. Johns County in 1960.
During pendency of negotiations for sale of its permit to the appellee South Florida Harness Raceways, Inc., the 1961 Florida Legislature enacted (the Governor's veto thereof to the contrary notwithstanding) Chapter 61-1940, which forms the basis for this litigation. The act provided in substance that harness racing permits issued and ratified since January 1, 1946, under which racing had been conducted during the five years preceding the act, "are hereby declared valid and lawful permits for the purpose for which they were issued," and holders of any such permit, upon certain conditions at variance with those prescribed in Chapter 550, Florida Statutes, F.S.A., and applied by the Commission in the granting of racing permits generally, "shall have the right to conduct horse racing in harness * * * in Broward County," subject to referendum in Broward County, by which the act was subsequently approved.[2]
Following the adjournment of the 1961 Legislature which had passed Chapter 61-1940, supra, upon rule to show cause addressed to Ponce de Leon and charging violations of F.S. Chapter 550, F.S.A., the Commission revoked its previously issued permit. The validity of this order is the subject of a certiorari proceeding which is here for final disposition with this appeal.[3]
The complaint for injunction and other relief in this cause was filed by appellants on June 29, 1962, seeking to prevent any action by the Commission in compliance with Chapter 61-1940, and to obtain an adjudication that Chapter 61-1940 is invalid by reason of violation of Sections 16, 20 and 21, Article III, Florida Constitution, F.S.A., for (1) failure to provide for approval of a special act by referendum vote in St. Johns County, alleged to be "territory affected" because it was the county of original issue for the only permit in fact affected by the Act; (2) failure to express in its title the subject affected, i.e. Ponce de Leon's permit; and (3) attempting by special act to regulate the jurisdiction and duties of a class of state officers, viz.: the members of the Florida State Racing Commission. Appellants contend also that the terms of the act operate to deprive them of equal protection of the laws, in contravention of Section 1, Declaration of Rights, Florida Constitution, and the Fourteenth Amendment of the United States Constitution.
To preclude this contest of the statute for lack of sufficient interest in appellants or the Commission, as appellees urge, would constitute an inordinate and unjustified restriction on the litigation of such issues. To simplify the disposition of these proceedings, this point is resolved at the outset contrary to appellees' contentions. In further simplification of the issues, we *8 hold on the basis of prior decisions[4] that the act is not one "regulating the jurisdiction and duties of a class of state officers" so as to collide with the proscription of Sec. 20, Art. III, supra, against special legislation.
Of primary importance among the many constitutional points raised is the propriety of the alleged classification of permits affected by the act. The issue of classification for purposes of equal protection is one which applies, of course, to both general and special legislation, although the requirement of equality or uniformity among those in like situation pertains, in the case of special acts properly passed on a subject not required to be governed by general law, only to those in the area where the special act is made applicable.[5] In any event, whether the issue of arbitrary classification in the subject act should be determined on the basis of its effect as a special act applicable only in Broward County, or its effect among those involved in the racing industry elsewhere in the state, the act is fatally defective.
Whatever the motivation for the legislative method, Chapter 61-1940 does not in terms require the issuance of a new permit for operations in Broward County, and the propriety of such an act need not be considered. Nor can the legislation be justified as equivalent to an administrative transfer of an existing permit. A transfer on the special conditions set forth in the act obviously could not be made under existing provisions in Chapter 550 and any legislative authorization for such a transfer would be subject to the same constitutional objections as the legislation here involved.
The provision is that holders of existing permits of specified characteristics shall under certain conditions have the right to obtain license for operation in Broward County. The existing permits are described and distinguished on the basis of such factors as time of issuance and time of operations conducted. Appellees do not attempt to demonstrate a reasonable relation between these factors and the primary purpose of the act, which was to provide for harness racing in Broward County on certain legislatively prescribed conditions, and we perceive none. Obviously, then, the effort is not to make the act applicable to a permit or permits of like kind, differing from others in some material respect, but instead the descriptive technique is employed merely for identification rather than classification. Upon analysis we think this legislation must be regarded as an enactment granting to certain permit holders, designated in terms not susceptible of generic application now or in the future, the right to conduct harness racing in Broward County upon compliance with its conditions. The act is therefore arbitrary and not uniform or equal in its specification of the thing as well as the county affected.
Appellees rely, in defending the act, upon the propriety of separate classification of harness racing permits for regulatory purposes. It is incontrovertible, however, that even if harness racing permits might reasonably require special regulations of this character Chapter 61-1940 does not purport to constitute harness racing permits a separate class but relates instead to a certain limited character of harness racing permit, described with such particular qualifications of time and circumstance as to amount, as we have already observed, to denomination of a specific and unique res instead of designation of a class. Whether the res affected is singular or plural at the time the law is *9 made effective, there can be little doubt that such an enactment lacks uniformity and equality of operation among those who may now or hereafter be situated similarly in all material respects; and whether it is framed as an authorization for administrative action or as a binding legislative directive, such legislation is arbitrary and unequal in the same sense as any law applicable only to specific persons or entities, absent a reasonable and distinctive relationship between that particular entity and the purpose of the law. Thus, with all due regard to presumptions of statutory validity and reasonable basis for legislative classification, we must and do conclude that the applicability of Chapter 61-1940 is delimited in such fashion and to such extent that the alleged classification can have no conceivable foundation in real and substantial differences in conditions affecting the subject regulated, and therefore is not based on distinctions "appropriate to a class."[6]
Forceful attack on the act is also made upon the ground that it is a special act affecting St. Johns as well as Broward County, and omits provision for referendum in St. Johns. Because of our view that there exists no reasonable relation between the purpose of the act and the distinguishing characteristics of the particular permits covered, the law as drafted would be defective even if there existed no question whatever as to compliance with Section 21, Article III. Accordingly, there need be no disposition of this issue or that raised with reference to sufficiency of the title of the act.
The primary defect in the act cannot logically be overcome even if we regard a racing permit or franchise as a "matter or thing" which in fact has no specific locus and the disposition of which affects the state at large rather than the locality in which operations have been or will be conducted thereunder. This would eliminate the problems of proper enactment of special acts, but there remain the same constitutional objections to prescription of special standards for certain parties absent reasonable classification. It can hardly be argued that ordinary concepts of equal protection govern the field of racing permits or licenses in this state, since the legislative power to create monopoly franchises in this area, already upheld,[7] necessarily encompasses the power to grant franchises which are exclusive and arbitrarily exclusive in respect to other applicants in any area where the quota of permits has been issued. This power has, however, been distinguished from the power to make other arbitrary distinctions, for instance between permit holders,[8] to whom the constitutional protections have been accorded.
We are unable, within the framework of our organic law, to abandon this principle so as to permit unfettered legislative control of these franchises.
For the reasons above discussed the decree is reversed and the cause remanded for entry of a decree in conformity herewith.
ROBERTS, C.J., and TERRELL, THOMAS, THORNAL, O'CONNELL and SEBRING (Ret.), JJ., concur.
NOTES
[1] F.S. See Sec. 550.06, F.S.A.
[2] "Section 1. All permits for horse racing in harness or to hold and conduct harness horse race track meetings granted * * * by the Florida State Racing Commission subsequent to January 1, 1946, and which permits were * * * ratified * * * in an election as provided for in Section 550.067 * * * and under which * * * horse racing in harness has been conducted * * * within the five (5) year period immediately preceding the passage of this Act * * * are hereby declared valid and lawful permits for the purpose for which they were issued * * *.

"Section 2. The holder or holders of any permit declared to be valid by this Act or any person, firm, association or corporation lawfully acquiring any such permit may and shall have the right to comply with the provisions of this Act and upon such compliance may and shall have the right to conduct horse racing in harness and hold harness horse race track meetings at any location in Broward County, State of Florida, consisting of an area [detailing thereafter the prescribed conditions of operation at variance with regulations controlling other permits and administered by the Commission]." (Emphasis supplied.)
[3] Florida State Racing Commission v. Ponce De Leon Trotting Association et al., Fla. 1963, 151 So.2d 633.
[4] Florida State Board of Health v. Lewis, Fla. 1963, 149 So.2d 41; Kirkland v. Phillips, Fla. 1958, 106 So.2d 909; State ex rel. Harrell v. Cone, 130 Fla. 158, 177 So. 854, 871; State ex rel. Lewis v. Garrett, 130 Fla. 413, 178 So. 309; Jackson Lumber Co. v. Walton County, 95 Fla. 632, 116 So. 771.
[5] But see Fronton, Inc. v. Florida State Racing Commission, Fla. 1955, 82 So.2d 520. Cf. State ex rel. Harrell v. Cone, note 4, supra; 6 Fla.Jur.Const.Law Sec. 297, et seq.
[6] Shelton v. Reeder, Fla. 1960, 121 So.2d 145. 14 Fla.Jur. 515, 517. "Mere difference is not enough; the attempted classification must rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed and can never be made arbitrarily and without any such basis." State ex rel. Vars v. Knott, 135 Fla. 206, 184 So. 752, 754; Fronton, Inc. v. Florida State Racing Commission, note 5, supra.
[7] Hialeah Race Course v. Gulfstream Park Racing Association, Inc., Fla. 1948, 37 So.2d 692.
[8] Fronton, Inc. v. Florida State Racing Commission, note 5 supra.