DREW, Justice.
This is an appeal from a decision of the Circuit Court for Leon County vacating an order of the appellant Racing Commission by which it revoked a harness racing permit held by the appellee Ponce de Leon Trotting Association since 1946. ' Upon review by certiorari proceedings, the circuit court found that the order of revocation must be vacated for the alternative reasons that there had been shown no willful violation of F.S. Chapter 550, F.S.A., and that Chapter 61-1940, Special Acts 1961, was valid and effective to cure any violations which had occurred.[1]
The statutory provisions controlling revocation of such permits are F.S. Sec. 550.07, F.S.A.[2] permitting revocation “upon the willful violation” of the statutes or regulations, and Sec. 550.16(12) providing *634 “any willful or wanton failure” to make payment of the required taxes
“ * * * shall constitute sufficient ground for the state racing commission to revoke the permit * *
The briefs on this appeal contain exhaustive debate and citation of conflicting authority for definition of willfulness in this context. We believe, however, that the issue is concluded by prior decisions construing the statutory language to limit revocation to the situation where the statutes or rules have been violated knowingly and with a “stubborn purpose, with evil intent, without justifiable excuse.”[3] The record facts fall far short of such a showing and indicate, instead, that long standing financial difficulty constituted the gist of the charges relied on, and that appellee amply demonstrated good faith and anticipated capability of fulfilling all requirements.
The court’s quashal of the order of revocation should accordingly be affirmed upon this ground. We assumed jurisdiction of this case because the circuit court passed directly on the constitutionality of Chapter 61-1940, supra. We determined that question in companion litigation, West Flagler Kennel Club, Inc., et al. v. Florida State Racing Commission et al., Fla.1963 153 So. 2d 5, and now adhere to that decision on this point.
Affirmed.
ROBERTS, C. J., and TERRELL, THOMAS, THORNAL, O’CONNELL and SEBRING (Ret.), JJ., concur.

. Jurisdiction of the appeal in this Court rests upon the provision in Art. Y, Sec. 4, Florida Const., F.S.A., for review of a final judgment or decree directly passing upon the validity of a statute.

. “550.07 Issuance of license by racing commission; revocation of license; penalty in lieu thereof. After a permit has been granted by the commission, and after the same has been ratified and approved by the majority of the electors participating in such election of the county designated therein, the racing corn-mission sliall grant to the lawful holder of such permit, subject to the conditions hereof, a license to conduct racing under this chapter, and fix annually the time, placo and number of days during which racing may be conducted by such permit holder at the location fixed in said permit and ratified in said election. After the first license has been issued to the holder of a ratified permit for racing in any county, all subseguent annual applications for a license by said ratified permit holder shall be accompanied by proof *634 in such form as the commission may require, that the ratified permit holder still possesses all the qualifications prescribed by this chapter, and that the permit has not been recalled at the later election held in such county as provided for in § 550.18. The racing commission may revoke any permit or license hereunder upon the willful violation by the licensee of any of the provisions of this chapter, or of any rule or regulation issued by the commission under the provisions of this chapter. In lieu of the suspension or revocation of licenses the racing commission after notice and hearing may impose a civil penalty against any licensee for violations of this chapter or chapter 551, or any rule or regulation promulgated by the commission. * * * ”

. Tropical Park, Inc. v. Ratliff, Fla.1957, 97 So.2d 169, 175; Six Mile Creek Kennel Club v. State Racing Commission, 119 Fla. 142, 161 So. 58.