THOMAS, Justice;
This is a direct appeal from a decree of the Circuit Court of Leon County, Florida, in which the chancellor held that certain acts of the legislature we will discuss seria-tim were constitutional. They all deal with the prosecuting attorneyship of Leon County, a position now held by the appellant who initiated the attacks. The particular question posed in the complaint for declaratory decree was the amount of compensation to which the appellant was entitled for his services subsequent to 1 July 1961.
Chapter 14,828, Laws of Florida, Acts of 1931, established the office of Prosecuting Attorney for the County Judge’s Court of Leon County, and provided for the appointment by the Governor of a prosecutor to serve until the next general election at which time the office should be filled for a term of four years. The act specified the duties of the officer and fixed the compensation at $300. a year and five dollars for each conviction and plea of guilty, both to be taxed as costs.
In 1961 the legislature enacted three laws dealing with the subject. Chapter 61-581 was an act applicable to counties having a population of 74,200 to 76,000 and provided that prosecuting attorneys in such counties should be compensated in the amount of $7800. annually. The act further “authorized” boards of county commissioners in such counties to pay prosecuting attorneys an additional sum of $4500. for office expenses. Moreover it was specified that the .act should not be construed to affect “Section 125.04, Florida Statutes, or any other law now in effect or subsequently enacted providing for taxing of conviction [sic] fee of five dollars ($5.00) as part of the cost of each case in which conviction shall be had in the county judge’s court and such fee shall be so taxed to the same extent as if this act had not been enacted.”
When we turn to Sec. 125.04, supra, we find the provisions that an attorney employed by the county commissioners to conduct prosecutions in a county in which there is
no county court, criminal court of record,, -or court of record shall be paid not less-than $300. or more than $600. annually and "in addition thereto * * * shall receive”' the same fees for convictions allowed in county courts. Under Sec. 34.11, Florida Statutes, F.S.A., such prosecutors in county courts are required to be paid $800 yearly, five dollars for each conviction, and a percentage of bond estreatures. We have italicized certain words in the quotations for reasons that will become plain as we proceed in our analyses of the pertinent acts. And before we go further we should note that Sec. 125.04 concludes with the provision that the compensation and fees are payable out of the fine and forfeiture fund of the county.
We record now that although in Chapter 61-581 the legislature was at pains not to disturb Sec. 125.04, it did not incorporate the provisions of. the latter law with reference to the payment of the conviction fees to the prosecuting attorney, but only stipulated that they be taxed as costs.
We are not at liberty to supply the language that would result in payment of these fees to the prosecuting attorney if, indeed, the legislature so intended it. So far as we know it may have been meant to build up the fine and forfeiture fund with the conviction costs against the flat amount of $7800. which was substituted for an original compensation of $300. plus the conviction fees.
In any event, giving the language its ordinary meaning and assuming for the time being that Chapter 61-581 withstands the attack upon it, the prosecuting attorney of Leon County was to receive beginning 1 July 1961, the effective date of the act, $7800. and the Board of County Commissioners could have, if they chose, paid his-office expenses in an amount “not to exceed $4500. * *
The same year by another act, Chapter 61-1133, the Board of County Commissioners of Leon County was “authorized” to-pay the prosecuting attorney $4500. for of *215 fice expenses. The period to which this expense allowance would apply was not stated but, curiously enough, it was provided that the payment should be made in “equal monthly installments.” It was further provided in that act that in addition to the unclassified office expense the commissioners were permitted to pay costs of telephone services rendered his office.
Although the chancellor recited in his decree that the validity of Sec. 1 of Chapter 61-1133 was assailed we do not find an express ruling in the decree in respect of the constitutionality vel non of this part of the act. The assault upon it was grounded on the attempt by it to regulate by local law the fees of a county officer contrary to the provisions of Secs. 20 and 21 of Article III of the Constitution, F.S.A. The appellant implies that a ruling on this act was unnecessary had the court decided that it had no application after 1 July 1961. Apparently it was here that the subject of costs of a telephone for the prosecuting attorney’s office was introduced and it is obvious from the second section that it was designed to validate such expenditures before then defrayed by the Board of County Commissioners. In view of this situation and the content of the act. which introduced nothing new save the provision for telephonic expenses we will concentrate on the' other two acts, namely 61-581 and 61-1493, with some attention to Chapter 14,828.
In 1961 the legislature again dealt with the subject by the enactment of Chapter 61-1493 which amended Chapter 14,828, the 1931 Act, by specifying a yearly compensation of $7200. instead of $300. as originally fixed. This act took effect 1 July 1961, whereas Chapter 61-1133 had become effective 7 May 1961. The later law reiter-áted the language of Chapter 61-1133, supra, with reference to the ‘authorization’ to pay not more than $4500. for office expenses but did not mention an allowance for telephonic services. This leads us to a conclusion that the earlier law was primarily one of validation, as we have said, and the omission of references to the cost of telephonic services convinces us that such expenses were intended in the future to be included in the $4500. expense allowance. Here again, as in Chapter 61-581, provision for the taxing of conviction fees as costs was preserved and any provision for paying them to the prosecuting attorney was omitted.
In essence, the appellant insists that two of the laws enacted in 1961, namely, Chapters 61-581 and 61-1493, supra, are unconstitutional because they offend Secs. 20, 21 and 27 of Art. Ill prohibiting the regulation of fees of State and county officers by local law and mandating the legislature to provide for the election by the people or appointment by the Governor of all State and county officers, not otherwise specified in the Constitution, and the fixing of their compensation and duties.
In the complaint he also assailed . Sec. 1 of Chapter 61-1133 but in view of what we have already said in respect of that law and further considering the comment in his brief that it was the intention of the legislature that the law have no effect after 1 July 1961 and that it should not be necessary to determine the constitutionality of that part of the act we will not again comment upon it.
With reference to Chapter 61-581 we find reason for much concern. As the appellant charges, the population range gauged in the light of the purpose to be accomplished stamps the act as a local one applicable only to Leon County. The chancellor thought that the position of the appellant even if accepted by the court would not necessarily lead to a condemnation of the law for “then at worst its * * * validity [would have to be] judged as though it, by express terms, applied only to Leon County.” This being done, he thought would place it in the same category with Chapter 61-1493 which he had before in the decree held valid for certain reasons, some of which we will accept when we reach our discussion of that act..
*216 We stress the fact that this act was an independent one as distinguished from Chapter 61-1493 which was an appendage of an act presumed valid.
The chancellor thought the problem relative to the validity of Chapter 61-1493 should be resolved by the decision of this court in State ex rel. Lewis v. Garrett et al., 130 Fla. 413, 178 So. 309, but we have not gotten such comfort from the decision which does not mention the questions we face although it is evident from the original record that they could have been decided in that litigation.
Even so we come to the same conclusion as the chancellor though by a slightly different route. The appellant assails Chapter 61-1493 but he is careful not to disturb Chapter 14,828. We are repeating when we say that the former is an amendment of the latter and we agree with the chancellor that they should be considered as one act. We think the appellant should not be heard to challenge the one while embracing the other. Both are presumed valid.
At this point we find that we must depart from the conclusion of the chancellor so far as the interpretation of Chapter 14,828 as amended by 61-1493 is concerned. The appellant had argued to him that the latter was invalid because it empowered the Board of County Commissioners to fix the compensation of a county officer “indirectly” by allowing the attorney the sum for office expenses. The chancellor, observing that the authority for the expenses was permissive in form came to the conclusion, however, that he should construe it as mandatory, requiring the payment of $4500. to appellant annually, presumably regardless of the possibility that the actual expenses would be a lesser amount. This, thought the chancellor, would obviate the question of invalidity due to conflict with Sec. 27, Art. Ill of the Constitution.
We construe the language about the sum for expenses as permissive, not mandatory. We cannot accept the view that the legislature set the compensation of the prosecuting attorney at $7200. plus $4500. but that the former amount was set while the latter was to be allowed for a definite purpose, namely, office expense, and that the county commissioners could pay it in whole or not at all, in their discretion. It was not to be a flat amount which the board had to pay, and the significant language was that they could, not should, defray the office expense in an amount “not to exceed four thousand five hundred dollars.” Coming to this conclusion we, too, are unaware of any collision with the relevant portion of Sec. 27, Art. Ill of the Constitution inasmuch as the legislature fixed the compensation at the sum of $7200. while the allowance for expense was incidental, discretionary and non-compulsory.
The validity or invalidity of Chapter 61-581 poses another difficult problem. The chancellor observed that the situation presented to him was awkward because the appellant had alleged in a stated paragraph of the complaint that this act was invalid while the appellees admitted that paragraph. Of course, the constitutionality or unconstitutionality may not be so easily resolved and the attack and concession could not bind the court in any way.
The chancellor was convinced that he cotjld not establish a precedent by declaring Chapter 61-581 invalid on the grounds alleged in the complaint. They were that the law ' had been enacted to “regulate * * * alter or affect the fees of a county officer on a basis which [was] not general and of uniform operation throughout the State,” contrary to Secs. 20 and 21 of Art. Ill of the Constitution since it could apply only to Leon County, that being the lone county with a population within the range of 74,200 to 76,000, therefore making the law a special or local one. This seems to this court a potent challenge.
As we understand appellant’s contention it is that Chapter 61-1493 should be con *217 sidered separately, despite its status as an amendatory act, and when this is done it must be held invalid as offending Sec. 20 of Art. Ill which would leave undisturbed all provisions of the initial act, •Chapter 14,828. If we presume that the latter act is Constitutional, as we must, the office has been legally established — and with this the appellant is content- — then we think that Chapter 61-1493 which does nothing more than ¿ffect the compensation and allowances should not be struck down because its contents are related only to those items which are merely incidental. State ex rel. Ellars v. Board of County Commissioners, 147 Fla. 278, 3 So.2d 360. We reject appellant’s position.
Leaving the immediate problem we observe that the journals of the Senate and House of Representatives of the 1961 sessions of those bodies and the records in the office of the Secretary of State do not show any compliance with the Constitutional requirements of Sec. 21 of Art. Ill relative to displaying notice of intention ■“to apply” for the passage of the bill.
By way of recapitulation, we say that the first act, Chapter 14,828, is presumed valid. From that premise we arrive at the conclusion that Chapter 61-1493 being merely an amendment of it is likewise valid, furthermore, that Chapter 61-581 should be held invalid.
We depart from the circuit judge’s conclusion about the amount of compensation the appellant should receive, which was the ultimate question he posed in his suit for declaratory decree. He should be paid $7200. a year in monthly installments and the county commissioners may, in their discretion, defray his office expenses to an amount not exceeding $4500.
PER CURIAM.
Chief Justice DREW and Justices ROBERTS, THORNAL and O’CON-NELL concur in that part of the opinion of Justice THOMAS which holds that ch. 61-581, Laws of Florida, Acts of 1961, is invalid because it is an attempt to regulate the fees of a county officer by local law, but do not agree that ch. 61-1493, Laws of Florida, Acts of 1961, is a valid act of the legislature as held in the opinion of Justice THOMAS. It is the opinion of these four justices that said ch. 61-1493 is invalid for the same reason that ch. 61-581 is held to be unconstitutional.
Therefore, it is the opinion of the majority of the Court that both ch. 61-581 and ch. 61-1493 are invalid.
The decree appealed from is reversed and the cause remanded for further proceedings consistent herewith.
DREW, C. J., and ROBERTS, THOR-NAL and O’CONNELL, JJ., concur.
TERRELL, THOMAS and CALDWELL, JJ., dissent.