CALDWELL, Justice.
The following questions have been certified from the Pinellas Circuit Court for our consideration:
1. Is Section 3 of Chapter 61-648 Laws of Florida 1961 constitutional in view of Article XVI, § IS of the Constitution of the State of Florida?
2. Is Section 2 of Chapter 61-648 Laws of Florida 1961 constitutional in view of Article V, § 11(2) of the Constitution of the State of Florida?
3. Is Chapter 61-648 Laws of Florida 1961 constitutional?
The statute under attack is a special population act creating in Pinellas County Small Claims Courts having jurisdiction of cases at law where the demand does not exceed $300.00. The act further provides that there shall be as many Small Claims Courts in the county as there are Justice of the Peace districts and that the person duly elected or appointed Justice of the Peace in each such district shall act as Judge of the Small Claims Court.
Certified question number one (1) would have this Court determine the validity of Chapter 61-648, § 3, in view of Fla. Const. Art. XVI, § 15, F.S.A., which provides that a person may not hold more than one office under the government of the state at the same time. Respondent contends that Fla.Const. Art. XVI, § 15, although prohibiting a person from holding more than one office, does not restrict the Legislature from designating officials to act ex *9 officio in other official capacities not inconsistent with the duties of their office.
In the light of former decisions of this Court[1] and the controlling factors of this particular cause we have concluded the statute here in question, relating to Justice of the Peace and Small Claims Courts, is not in violation of the constitutional prohibition against the holding of more than one office. Section 3 of Chapter 61-648, Laws of Florida 1961 does not create two distinct offices. It requires the Justice of the Peace for each district to act as Judge of the Small Claims Court. The duties involved are not inconsistent.
In State ex rel. David Bialeck, Inc. v. Ferguson, 58 So.2d 145 (Fla.1952), we held an almost identical act applicable to Dade County in violation of § 22 of Art. V (now § 11 of Art. V) which fixes the upper limits of Justice of the Peace jurisdiction at $100.00. That act provided, as does the act here, that the jurisdiction of the newly created Small Claims Courts would he $300.00, and that Justices of the Peace would act as Small Claims Judges. The question of whether the act violated Art. XVI, § 15 of the Constitution was not raised.
Respondent contends that the language of Fla.Const. Art. V § 11(2) is more reasonably read as a grant of jurisdiction rather than a limitation and that the Legislature under Fla.Const. Art. V § 1, has plenary power to enact the special act in question.
We find, however, that the Ferguson case is controlling as to certified question number two (2). Section 2 of Chapter 61-648 Laws of Florida 1961, insofar as it attempts to set a jurisdictional limit in excess of $100.00, must be stricken as unconstitutional.[2]
No specific grounds of unconstitutionality, other than those discussed above are alleged in connection with certified question number three (3).
The certificate is granted and the cause remanded for further proceedings not inconsistent herewith.
It is so ordered.
DREW, C. J., and THOMAS and THORNAL, JJ., concur.
ERVIN, J., agrees in part and dissents in part.
ROBERTS, J., dissents.
O’CONNELL, J., dissents with opinion.

. State ex rel. Gibbs v. Gordon, 138 Fla. 312, 189 So. 437 (1939); State ex rel. Landis v. Reardon, 114 Fla. 755, 154 So. 868 (1934).

. See, In re Advisory Opinion to the Governor, 58 So.2d 319 (Fla.1952).