225 So.2d 411 (1969)
O.W. HANCOCK, Appellant,
v.
Christopher Francis SAPP et al., Appellees.
Stan WRISLEY et al., Appellants,
v.
Richard M. STANLEY et al., Appellees.
O.W. HANCOCK, Appellant,
v.
Lester WHITAKER, Sr., et al., Appellees.
Nos. 38177, 38176, 38257.
Supreme Court of Florida.
July 23, 1969.
*412 Edward S. Jaffry, Lakeland, for appellants.
Thomas K. Boardman, Immopalee, for Christopher Francis Sapp.
James R. Adams, Naples, for Richard M. Stanley et al. and Lester Whitaker, Sr., et al.
ROBERTS, Justice.
We here review on direct appeal three judgments of the Circuit Court in and for Collier County, Florida, flowing from a controversy occasioned by the enactment of chapter 67-836, Laws of Florida 1967, which purported to create a "criminal court of Chapter 67-836, Laws of Florida 1967, Collier County, Florida". All parties have agreed on the statement of facts presented by the appellant in this language:
"The instant controversy arose because of the enactment of Chapter 67-836, Laws of Florida, by the 1967 Session of the Florida Legislature, creating in Collier County, Florida, a court to be called the Criminal Court of the Justice of the Peace of the Fourth District of Collier County, Florida.
"This Act provided that the said Court would succeed to the `powers and duties of any criminal jurisdiction of any justice of the peace court', then functioning in such Justice of the Peace District in Collier County, Florida, and would in addition have jurisdiction of all misdemeanors committed within that District. The Act also provided such jurisdiction would be concurrent with the criminal jurisdiction of any other court or courts established in the County, having like jurisdiction.
"The Act further provided that the Judge of the Justice of the Peace Court of the Fourth District of Collier County, Florida, would be the Judge of the Court therein established and would continue in office until his present term expired or until his successor was duly elected and qualified. The Act provided further that, any successor judge would be a resident of the Fourth Justice of the Peace District in Collier County and would be elected for a term of four years by the electors of District Four.
"In the summer of 1967, and after the foregoing Statute had become law, the Appellant Hancock, the then duly elected and qualified Justice of the Peace of the Fourth District of Collier County, commenced operating the criminal jurisdiction of his *413 Court as the Criminal Court of the Justice of the Peace of the Fourth District of Collier County, Florida and continued to do so until the expiration of his term in January 1969.
"In the spring of 1968, the Appellant qualified as the Democratic candidate for the office of Justice of the Peace of the Fourth District of Collier County, as did one Nash Lloyd and the Appellee herein, Mr. Christopher Francis Sapp (under the name Chris Sapp).
"The Republican party offered no candidates for that office nor was there reflected on the official ballot, any office known as `Judge of the Criminal Court of the Justice of the Peace of the Fourth District of Collier County, Florida'.
"In the first primary held on May 7, 1968, the Appellant Hancock prevailed over his two opponents and was declared and certified as the winner of the Democratic party primary.
"Within 30 days prior to the general election held on November 5, 1968, the Appellee, Christopher Francis Sapp, qualified as a write-in candidate pursuant to Section 99.023, Florida Statutes, for the new office as a candidate for the office of Judge of the Criminal Court of the Justice of the Peace of the Fourth District of Collier County, maintaining that Chapter 67-836, Laws of Florida, provided for two offices, to wit:
"(a) The office of the Justice of the Fourth District and
"(b) The office of the judge of the Criminal Court of the Justice of the Peace of the Fourth District, both of Collier County, Florida.
"The election was had, the Appellant Hancock was elected as the Justice of the Peace, but the Canvassing Board for Collier County refused to count the votes cast for Appellant Hancock as write-in votes, by what was believed to be a majority of the persons voting in that race, because Appellant Hancock had not qualified pursuant to the provisions of Section 99.023, Florida Statutes [F.S.A.]. * * *".
Out of the situation three court actions developed:
1. O.W. Hancock v. Christopher Francis Sapp, and the Board of County Commissioners of Collier County, Florida, Case No. 38,177.
Hancock, in a complaint for declaratory decree, among other things, sought a construction and interpretation of Chapter 67-836, Laws of Florida, raising the constitutionality vel non of the Act. The trial court eliminated from Chapter 67-836 this language
", * * * which court shall succeed to the powers and duties of any criminal jurisdiction of any justice of the peace court now functioning in such justice of the peace district."
as being unconstitutional and in violation of Sections 20 and 21 of Article III, Constitution of Florida, F.S.A.; having eliminated this objectionable language from the Act and, because of the broad severability clause, sustained the constitutionality of the remainder and held that Chapter 67-836, Laws of Florida, as revised, created a new statutory court under Section 1 of Article V, Constitution of Florida (1885), thereby leaving the Fourth Justice District of Collier County with both a "Justice of the Peace Court" and the "Criminal Court of the Justice of the Peace, Fourth District, Collier County, Florida" created by Chapter 67-836.
2. Stan Wrisley, Etc. and O.W. Hancock v. Richard M. Stanley, Edna Cribb Santa, and Lester Whitaker, as Canvassing Board of Collier County, Florida, Case No. 38,176.
Wrisley and Hancock, among other things, sought a declaration that Section 99.023, Florida Statutes, F.S.A., requiring the registration of a write-in candidate at least thirty days prior to the general election, was unconstitutional. Their complaint was dismissed with the trial court opining *414 that it was unnecessary to reach the constitutional questions because Hancock, in qualifying for office of Justice of the Peace, had committed himself to that office and therefore was without standing to demand that his write-in votes be counted for another office without first abandoning the office to which he had been nominated and elected, and in so doing cited decision of this court in State ex rel. Fair v. Adams (Fla. 1962) 139 So.2d 879, 94 A.L.R.2d 550.
3. O.W. Hancock v. Lester Whitaker, Sr., et al, as and constituting the Board of County Commissioners of Collier County, Florida, Case No. 38,257.
Here, the Board of County Commissioners sought a judicial declaration to the effect that Chapters 59-769 and 63-720, Laws of Florida, were unconstitutional. The trial court determined that said Chapters were unconstitutional, null and void, and in violation of Sections 20 and 21 of Article III, Constitution of Florida.
We shall dispose of the questions in the order in which they are hereinabove set forth.
In Hancock v. Sapp, Case # 38,177, the trial court properly held that the legal effect of Chapter 67-836, Laws of Florida, was to create an additional statutory court with the same territorial jurisdiction as that of the Fourth Justice of the Peace District in Collier County, Florida.
Section 1, Article V, Constitution of Florida, provides
"The judicial power of the State of Florida is vested in a supreme court, district courts of appeal, circuit courts, Court of Record of Escambia County, criminal courts of record, county courts, county judge's courts, juvenile courts, courts of justices of the peace, and such other courts, including municipal courts, or commissions, as the legislature may from time to time ordain and establish."
The court of the Justice of the Peace sub judice derives its organic jurisdiction under Section 11(2), Article V, Constitution of Florida, which states:
"The justices of the peace shall have jurisdiction in cases at law in which the demand or value of the property involved does not exceed $100.00, and in which the cause of action accrued or the defendant resides in his district; and in such criminal cases, except felonies, as may be prescribed by law, and he shall have power to issue process for the arrest of all persons charged with felonies and misdemeanors not within his jurisdiction to try, and make the same returnable before himself or the county judge for examination, discharge, commitment or bail of the accused. Justices of the peace shall have the power to hold inquests of the dead. Appeal from justices of the peace courts in criminal cases may be tried de novo under such regulations as the legislature may prescribe."
Its jurisdiction is further defined in Section 37.01, Florida Statutes, F.S.A.
A perusal of these sources of jurisdiction, when compared with the jurisdiction of the court created by Chapter 67-836, Laws of Florida, quickly demonstrate that the newly created court could not have been intended as a replacement of the court of the Justice of the Peace, and if so its constitutionality would have been in grave doubt. This court has long been committed to the proposition that, where the law is susceptible to two interpretations, one of which is to render it unconstitutional, the court will assume that the Legislature intended to pass a constitutional act, and will adopt the interpretation which leads to that result. Accordingly, the trial court was correct in holding that Chapter 67-836, Laws of Florida, created, in addition to the Court of the Justice of the Peace, Fourth District, a statutory court under its authority to do so in Section 1, Article V, Constitution of Florida. The trial court was also correct in deleting the objectionable language from said Chapter 67-836, supra, and in applying the severability clause to hold *415 valid the remainder of the Act.[*] Accordingly, the judgment of the trial court in Hancock v. Sapp, Case # 38,177, is affirmed.
In the second case, Stan Wrisley and O.W. Hancock v. The Canvassing Board of Collier County, Florida, Case # 38,176, the disposition is not so simple. The trial court refused to have the votes counted because it was that court's opinion that Hancock, having qualified in the primary and subsequently elected to the office of the Justice of the Peace, Fourth District, was without standing to insist that his votes be counted without first refusing the office of Justice of the Peace to which he had been previously nominated and elected. It is noteworthy that after being elected as Justice of the Peace, Fourth District, he formally accepted that office in writing, filing the acceptance and oath of office with the Secretary of State after which a commission was duly issued. He then assumed the duties of the office.
It was not necessary for Hancock to formally accept the office to which he had been nominated and re-elected, because without doing so he would have continued in office as a holdover official under Section 14 of Article XVI, Constitution of Florida (1885). We must therefore assume that his action in so doing was a voluntary acceptance of the office and since he could not hold both offices at the same time his exercise of a choice amounted to an abandonment of whatever right, if any, he had to claim the office created in Chapter 67-836, Laws of Florida. Compare State ex rel. Fair v. Adams (Fla. 1962), 139 So.2d 879, 94 A.L.R.2d 550. It has long been the policy of this court to not dispose of constitutional questions unless necessary to a disposition of the case sub judice. See Green v. State ex rel. Mason, Fla., 166 So.2d 585, and Jones v. City of Sarasota, Fla., 89 So.2d 346. Under all the circumstances present in this litigation the trial court correctly dismissed the suit, so his judgment in so doing is affirmed. By way of caveat we mention that this decision is not intended as indicating the validity of Section 99.023, which question we do not reach in this case.
This brings us to the case of Hancock v. Whitaker et al., Case # 38,257. This was an attack on the constitutionality vel non of Chapters 59-769 and 63-720, Laws of Florida, relating to the compensation of the Justice of the Peace, Fourth District, Collier County, Florida. The trial court held that said Chapters were unconstitutional because they are in violation of Sections 20 and 21 of Article III, Constitution of Florida. Acts purporting to regulate the fees of state or county officers by local bills have been held to be unconstitutional in a long line of decisions. See Strickland v. Leon County (Fla. 1963), 159 So.2d 213; State ex rel. White v. Foley, 132 Fla. 595, 182 So. 195; State ex rel. Baker v. Gray, 133 Fla. 23, 182 So. 620; and Manatee County v. Davidson, 132 Fla. 295, 181 So. 889. Accordingly, the trial court was correct in holding invalid these sections, so the judgment in the case of Hancock v. Whitaker et al., Case # 38,257, is affirmed.
In summary, we hold that (1) Chapter 67-836, Laws of Florida, after the aforementioned deletion, is a valid and constitutional Law, creating an additional statutory court having the same territorial perimeter as that of the Justice of the Peace, Fourth District, Collier County, Florida, but does not disturb the power of the latter court; (2) the trial court correctly refused to require the Canvassing Board to count the write-in votes of Hancock; (3) Chapter 59-769 and 63-720, Laws of Florida, being *416 local legislation relating to the compensation of a Justice of the Peace, are unconstitutional and void; and (4) the Court of the Justice of the Peace, Fourth District, is still an existing and operating court and O.W. Hancock is the duly elected and qualified judge of same.
It is so ordered.
DREW, ADKINS and BOYD, JJ., concur.
ERVIN, C.J., dissents with opinion.
ERVIN, Chief Justice (dissenting).
Chapter 67-836, Laws of Florida, pursuant to Section 1, Article V, State Constitution 1885, created another court, designating it the Criminal Court of the Justice of the Peace, 4th District, Collier County, Florida, and gave it criminal jurisdiction of all misdemeanors within the district.
Section 4 of Ch. 67-836, provides as follows:
"(1) The judge of the justice of the peace court of the fourth district, Collier county, Florida, shall be the judge of the court herein established upon the effective date of this act, and shall continue in office until his present term expires and until his successor is duly elected and qualified.
"(2) Any successor judge shall be a resident of the fourth justice of the peace district, Collier county, Florida, and shall be elected for a term of four (4) years by the electors of district four." (Emphasis added.)
From this language, it appears the Justice of the Peace of the 4th District and his elected successors to that office are to preside as the ex officio judges of the new court. See Miller v. Davis (Fla.), 174 So.2d 8, including my dissent therein which outlines several judicially approved instances where existing judges have served ex officio in dual capacity for two courts in the state.
The language of Section 4 above quoted does not refer to a new judge to be originally elected or appointed to preside over the new court, but provides the present Justice of the Peace of the 4th District by virtue of his being the incumbent Justice of the Peace shall serve as the ex officio judge of the new court and shall continue to serve until his present term expires and until his successor is duly elected and qualified. The act refers to the "successor" of the Justice of the Peace of the 4th District and not to someone who does not succeed to that office after the incumbent's present term as Justice of the Peace of the 4th District expires. Thus, it appears the incumbent Justice of the Peace and his successors are designated as the ex officio judges of the new court.
The language of the two subsections of Section 4 in nowise supports the idea that the Justice of the Peace of the 4th District and his successor Justices of the Peace are rendered ineligible to serve as ex officio judges of the new court. The incumbent was expressly made the first ex officio judge of the new court. The language naming him as such declares that the judge of the Justice of the Peace Court shall be the judge of the new court. True, it prescribes the length of the tenure of the first ex officio judge, but it does not preclude the succeeding Justice of the Peace from entitlement to the ex officio judgeship. The term "any successor judge" is not exclusive of the idea that it includes the successor of the incumbent Justice of the Peace, the first ex officio judge.
The Legislature, in providing that the existing Justice of the Peace and his successors would preside over the new court, appears to have intended thereby to obviate challenges that the new court encroached upon the constitutional jurisdiction of the incumbent Justice of the Peace and his successors.
The object of the Legislature from inception of the new court and thereafter was not to proliferate new judges, but to *417 use existing judicial manpower, and to avoid encroachment of jurisdiction and duplication in the judgeship.
As I view this case, it presents a skein of judicial constructions below not envisioned by the Legislature. I would reverse on the basis the Justice of the Peace of the 4th District and his successors are the judges to preside over the new court, and thereupon reconsider all collateral issues in the litigation.
NOTES
[*] "In the event any word, phrase, clause, sentence, paragraph or section of this act shall be declared unconstitutional by a court of competent jurisdiction, then this shall not affect the remainder of the act and the unconstitutional portion shall be severable, it being the intent of the legislature that the remainder of this act shall continue in force and effect.