QUESTIONS: 1. Does the Secretary of the Department of Community Affairs sit as a full member of the Human Relations Commission under s. 13.221, F.S., or is he merely the titular presiding officer? 2. Where does the authority to either hire or fire the Executive Director of the Human Relations Commission lie, considering the conflicting language contained in s. 13.251(3), F.S., and s. 20.18(15), F.S. (1974 Supp.), and the traditional meaning and application of the term "advice and consent"?
SUMMARY: Pursuant to s. 20.18(15), F.S. (1974 Supp.), the authority to appoint and remove the executive director of the Commission on Human Relations is vested in the Secretary of the Department of Community Affairs, but the exercise of such powers has been qualified by the statute so as to require that such appointment or removal must be done in conjunction with, or with the advice and consent of, the commission. The secretary must initiate such actions and then must proceed with the advice and consent of the commission as to the appointment or termination of the commission's executive director. Section 13.221(1), F.S., makes the Secretary of the Department of Community Affairs a full-fledged member of the Commission on Human Relations as well as designating the secretary to be the chairman of the commission. However, the secretary should not, as a member of the commission, participate in its approval of, or consenting to, the appointment or removal of the executive director of the commission so long as the secretary holds the statutory appointive and removal powers as to such executive director. AS TO QUESTION 1: Section 13.221(1), F.S., creates the Florida Commission on Human Relations, the membership of which shall be as follows: (d) The secretary of the department of community affairs shall serve as chairman. Section 13.221(1), F.S., itself makes the secretary a member of the Commission on Human Relations, thereby imposing upon the secretary duties which are in addition to his duties as head of the Department of Community Affairs. The commission has also interpreted this statutory provision in a like manner, as evidenced by Commission Rule 9D-2.022(4), F.A.C., which unequivocally states that the chairman of the commission "[s]hall enjoy all rights and privileges of commission members." Article II, s. 5, State Const., provides in part: No person shall hold at the same time more than one office under the government of the state and the counties and municipalities herein . . . . This provision appeared in substantially the same form in Art. XVI, s. 15, State Const. 1885: [A]nd no person shall hold, or perform the functions of, more than one office under the government of this State at the same time . . . . However, it is well-settled law that the Legislature may impose additional duties upon an existing office or officer, as long as such additional or ex officio duties are not incompatible with the duties of his elective or appointive office imposed by the Constitution or by statute. In such a case, no new office has been created, and there is no violation of the constitutional prohibition against holding more than one office at a time. The Florida Supreme Court long ago stated that: The Legislature, having all the lawmaking power of the state that is not withheld by the Constitution, may prescribe duties to be performed by officers expressly provided for by the Constitution, in addition to the duties of those officers that are defined in the Constitution, where not forbidden by the organic law; and the Constitution does not withhold from the Legislature the power to prescribe additional duties to be performed . . . that are not inconsistent with their duties as defined by the Constitution . . . . (Emphasis supplied.) [Whitaker v. Parsons, 86 So. 247, 251
(Fla. 1920).] [W]e have held that a legislative designation of a Constitutional officer to perform ex officio the function of another or additional office is not a holding of two offices at the same time in violation of the provision of the Constitution quoted [Section 15, Article XVI, 1885 Constitution] provided the duties imposed are consistent with those being exercised. It is merely the imposition of new duties on an officer already in commission. [State ex rel. Gibbs v. Gordon, 189 So. 437, 439 (Fla. 1939).] See also Advisory Opinion to Governor, 1 So.2d 636, 638
(Fla. 1941); State ex rel. Watson v. Caldwell, 23 So.2d 855, 856
(Fla. 1945); State v. Florida State Turnpike Authority,80 So.2d 337, 344 (Fla. 1955); Miller v. Davis, 174 So.2d 8 (Fla. 1965); AGO 074-50. On the face of the statutes, the additional or ex officio duties imposed on the Secretary of Community Affairs by s. 13.221(1), F.S., do not appear to be incompatible with, or unrelated to, his duties as head of the department to which the commission is assigned, and no inconsistency in his respective duties has otherwise been made apparent or drawn to my attention. However, since the appointment or removal of the executive director of the commission is an administrative action controlled by s. 20.18(15), F.S., which requires the approval or consent of the commission, the secretary should not, as a member of the commission, participate in its approval of, or consent to, any appointment or termination of any executive director of the commission so long as he holds the statutory appointive and removal power as to such executive director. AS TO QUESTION 2: The Commission on Human Relations is assigned to the Department of Community Affairs (s. 13.231, F.S.). By definition, the commission exercises limited quasi-legislative and/or quasi-judicial powers independently of the head of the department (s. 20.03(10), F.S.). See also s. 13.251, F.S., which defines the powers and functions of the commission. Section 13.251(3), F.S., brought into the statutes by Ch. 69-287, Laws of Florida, and reenacted in identical substance by Ch. 72-48, Laws of Florida, empowers the commission, inter alia, "[t]o appoint an executive director . . . ." However, by s. 2 of Ch. 74-307, Laws of Florida, the Legislature added subsection (17) to s. 20.18, F.S., codified and carried forward into the statutes as s. 20.18(15), F.S. (1974 Supp.), which empowers the Secretary of Community Affairs to appoint and remove the directors or executive directors of any commission assigned to the Department of Community Affairs. This appointive and removal power was qualified by requiring that "[t]he appointment and termination by the secretary will be done with the advice and consent of the commission. . . ." (Emphasis supplied.) Section 20.18(15), F.S. (1974 Supp.), is the latest act and expression of the will of the Legislature, which vests the appointive and removal power as to directors and executive directors of any commission assigned to the department in the Secretary of the Department of Community Affairs. When the Legislature enacts a statute, the enactment is accompanied by a presumption that the lawmaking body acted with full knowledge of existing statutes which relate to the same subject. [I]f there is a positive repugnancy between prior acts and subsequent acts of the legislature, then the later act adopted must control. [Tamiami Trail Tours, Inc. v. Lee, 194 So. 305 (Fla. 1940).] Since s. 20.18(15) concerns and relates to s. 13.251(3), F.S. 1973, the appointment and removal of the executive director, a presumption exists that the Legislature was cognizant of its prior vesting of the appointive power (and implicit power of removal) in the Commission on Human Relations. Since the appointive power, and termination power, as to the executive director of the Commission on Human Relations cannot exist in both the Commission and the Secretary of the Department of Community Affairs at the same time, those sections of the statutes under discussion are repugnant and irreconcilable to the extent of such conflict or repugnancy and the latest statute, s. 20.18(15), controls as to such matters. Section 20.18(15), F.S. (1974 Supp.), therefore impliedly repeals s. 13.251(3), F.S. 1973, to the extent of the conflict as to the appointment and removal of the executive director of the Human Relations Commission. I do not here reach the question of any other conflicts or repugnancy between these statutes which may indicate an implied repeal of any other provision of s. 13.251(3), but consider only the question of which person or body has the authority to "hire or fire" the executive director of the Commission on Human Relations. As was stated above, the Legislature has vested the appointive and removal powers, as to the executive director of the commission, in the Secretary of the Department of Community Affairs, but has qualified such powers by requiring that the appointment or termination of the executive director must be done with the advice and consent of the commission. In effect, s. 20.18(15), supra, operates to require the joint action of the Secretary of Community Affairs and the commission either to make an effective appointment or to remove or terminate the executive director of the commission. However, the commission has no authority to initiate or mandate either the appointment or the removal or termination of the executive director of the commission; it can act — advise and consent — only after the Secretary of Community Affairs has taken the prerequisite action to appoint or remove such executive director and submitted the same to the commission for its approval or consent. As to the traditional meaning of the phrase "advice and consent" in Florida, the 1885 Constitution empowered the Governor to suspend appointed or elected officers, who were not liable to impeachment, on certain specified grounds: And the Governor, by and with the consent of the Senate, may remove any officer, not liable to impeachment, for any cause above named. (Emphasis supplied.) [Article IV, s. 15.] While the Governor could suspend an officer, removal from office occurred only upon joint action of the Governor and the Senate. State ex rel. Hardie v. Coleman, 155 So. 129, 134 (Fla. 1934). The Governor was the initiator of the action to remove an officer and the Senate constituted the reviewing and consenting body. The Senate could not adjudicate removal, except upon the express recommendations of the Governor, nor had the Senate any right or prerogative to exercise its function as a reviewing body upon its own motion or initiative. State ex rel. Kelly v. Sullivan, 52 So.2d 422, 426
(Fla. 1951). See also In re Advisory Opinion to Governor,68 So. 450 (Fla. 1915); State ex rel. Woodworth v. Amos, 123 So. 749
(Fla. 1929). The traditional sense of the term, as used in the Constitution or in statutory law, has been that the appointment, removal, or termination of a public official is an administrative act, taken on the part of the executive, the effect of which is to require joint action by the executive and some other body. As to the sense of the term as used in the federal law, see Washington v. McGrath, 84 F. Supp. 964 (1949); affm'd, 182 F.2d 375 (1950); affm'd, 341 U.S. 923 (1951); 3 Op. Atty. Gen. 188 (1837); 12 Op. Atty. Gen. 41 (1866). Thus, the Commission on Human Relations cannot initiate or mandate the appointment or removal of its executive director, but is confined to reviewing action of the Secretary of the Department of Community Affairs, in this regard.